SMITH v. PINNELL.

## Opinion delivered February 24, 1913.

1. ACTIONS—TRANSFER TO EQUITY—PRACTICE.—When a complaint fails
   to state a cause of action at law, but the court permitted plaintiff
   to amend and file a motion to transfer to equity, the cause should
   be transferred when the amendment states a cause of action cog-
   nizable in equity.   (Page 188.)

2. ACTIONS—REFUSAL TO TRANSFER—REMEDY.—When a law court refuses
   to transfer a cause to equity, appellant's only remedy is by appeal.
   (Page 188.)

3. JUDGMENTS—EFFECT OF IMPROPER ORDER OF PROBATE COURT.—Under
   section 201 of Kirby's Digest, where the estate of decedent is inade-
   quate to complete payments on land purchased by him, the pro-
   bate court may order the sale of the decedent's interest; and the
   probate court acts without authority when it orders the contract
   of sale canceled, and such order does not bind the minor heirs of
   the deceased.   (Page 189.)

Appeal from Lawrence Circuit Court, Eastern Dis-
trict; *R. E. Jeffery*, Judge: reversed.

STATEMENT BY THE COURT.

Appellants brought suit in ejectment against ap-
pellees for certain lands, describing them, and alleged
that their father, Z. Smith, died January 27, 1896, and
that they are his sole surviving heirs.   That on that date
Delia M. Dobbs was of the age of ten years, J. A. Smith
seventeen years and W. E. Smith twenty years of age
and that Z. Smith was the owner and occupied said lands
as the homestead at the time of his death.   It was fur-
ther alleged that appellees were occupying same and had
been for tewlve years and that the rental value of the
lands was $150 per year.

Appellees denied that Z. Smith was the owner of
the lands and in possession thereof as a homestead at
his death; that appellants are his sole surviving heirs;
and their ages as alleged.   They admitted that they were
occupying the lands and had been for some years, denied
the rental value thereof as alleged and claimed to be the
owners of the lands, deraigning title thereto as set out.
They also claimed title by adverse possession, plead the

statute of limitations and answered further, stating that they, in good faith believed that they were the owners of said lands under color of title thereto and had improved them, expending in making improvements thereon $1,000 and $300 in the payment of taxes, for which amount they prayed judgment in the event the lands were adjudged not to belong to them.

A jury was empaneled to try the cause and after a statement by appellant's attorney of what they expected to prove, towit: that Z. Smith, the father of appellants, purchased the lands in controversy from J. F. Phelps in 1893 and received a bond for title therefor; that the purchase price of the land was $1,800, which had been partially paid by him at the time of his death in 1896; that the remainder of the purchase money was due at his death and that the administrator by an agreement with Phelps and the direction of the probate court, had surrendered the title bond to Phelps, upon his satisfying the old judgment he had obtained upon the purchase money notes and the return of the purchase money notes to him, and delivered the possession of the lands to Phelps. That the probate court order authorizing this settlement was not binding upon appellants; that appellees had been in possession of the lands and collecting the rents for a long period of time and that the rents and profits were more than sufficient to pay the balance of the purchase money due. That appellants were entitled to an accounting and that the lands were the homestead of their father at the time of his death and that they were entitled to its possession.

Thereupon, appellees made a motion to dismiss the suit and the court took the matter under advisement until the next day.

Appellants then filed an amendment and motion to transfer to equity, alleging that J. M. Phelps was the owner of the land and sold the same, delivered possession thereof to Z. Smith, their father, who occupied the lands as his homestead, from the date of sale to his death, which occurred January 27, 1896.

That at the time of the purchase Phelps executed to Z. Smith, their father, a bond for title, reciting the consideration of $1,800 paid and to be paid; that A. B. Israel was administrator of the estate of Z. Smith, disposed of the assets thereof and as such administrator, on the 20th day of January, 1898, he reported to the probate court the sale and that Phelps had recovered judgment against the estate for $640.75 of the purchase money notes and asked permission to cancel and surrender the bond for title upon delivery of the other purchase money notes and the cancellation of the judgment, stating that there were no assets of the estate to pay for the lands and that it would be to the best interests of the estate to settle the matter in that way. The court, after a hearing, directed the administrator to deliver the bond for title to the maker of it and the possession of the land and take up the notes of Z. Smith and let the judgment thereon be satisfied in full, which was done. They alleged further that in pursuance of said order J. M. Phelps went into possession of the lands, to which they claimed title. Prayed that the cause be transferred to equity, that an accounting be had and appellees charged with the rents derived from the lands, and for the possession of the lands, etc. In this motion, they offered to pay any sums that might be found due appellees in excess of the rents collected from the lands.

Upon the filing of this amendment and motion, the court withdrew the case from the jury, denied the motion, dismissed the complaint and from its judgment appellants prosecute this appeal.

*W. E. Beloate,* for appellant.

Plaintiffs had a right to bring an action in ejectment. 31 Ark. 334; 34 Ark. 547; 60 Ark. 432; 98 Ark. 30.

The plaintiffs did not claim title by right of a vendor's lien, but by a prior title. A mistake in the forum or in the remedy sought did not authorize dismissing the action, but the cause should have been transferred to equity. Secs. 5991-1282; 51 Ark. 257; 81 Ark. 51; 71

Ark. 484; 85 Ark. 208; 87 Ark. 207; 84 Ark. 551; 88 Ark. 153.

Defendants did not set up their equitable title and can not resist the transfer.

*H. L. Ponder,* for appellee.

1. By filing the so-called amendment the plaintiff abandoned his original suit. 71 Ark. 222; 59 Ark. 441; 70 Ark. 319.

2. The complaint as amended did not state a cause of action either at law or in equity. 36 Ark. 456; 98 Ark. 30; 87 Ark. 207; 64 Ark. 213; 76 Ark. 67; Art. 9, § 3 Const.; 62 Ark. 398; 42 Ark. 503; 69 Ark. 123; 66 Ark. 442; 66 Ark. 367-373; 49 Ark. 469; 16 Ark. 164; 46 Ark. 438.

KIRBY, J., (after stating the facts). The complaint stated a cause of action at law, which, of course, would not have been sustained by the facts appellant's attorney stated he expected to prove upon the trial and if no amendment had been filed and motion to transfer to equity made, the court's action in dismissing the suit would have been proper, but such dismissal would not have precluded the bringing of another suit in equity upon the facts as alleged in the amendment. The court, however, permitted the filing of the amendment and motion to transfer and upon renewal of the motion to dismiss thereafter, granted it. Its action in doing so was erroneous. The cause should have been transferred to the chancery court. Sec. 5991 Kirby's Digest; *Rowe* v. *Allison,* 87 Ark. 211; *Newman* v. *Mountain Park Land Co.,* 85 Ark. 208; *Lucas* v. *Futrell,* 84 Ark. 551; *Wood* v. *Stewart,* 81 Ark. 51.

The court having refused to transfer it appellants' only remedy was by appeal. *Dunbar* v. *Bourland,* 88 Ark. 153.

The probate court order, set out in the pleadings, as amended, directing the settlement of the administrator of Z. Smith with J. M. Phelps and the surrender of the title bond and possession of the lands upon the

cancellation of the notes for the remainder of the purchase money thereof and the satisfaction of the judgment obtained upon such notes was without authority and did not operate to bind appellants.

The law provides in cases where a decedent has purchased lands during his life time and not completed the payment therefor at the time of his death that the probate court, if it shall be of the opinion that the assets of the estate are not sufficient to pay for the lands that the court may order the administrator or executor to sell at public sale all the right, title, interest and claim of the testator or intestate in and to said lands. Sec. 201 Kirby's Digest.

The case being undeveloped, we will not attempt to pass upon the question of whether appellants are barred by laches or limitations from the prosecution of this suit.

For the error indicated, the judgment is reversed and the cause remanded with instructions to transfer it to the chancery court and for further proceedings there in accordance with law and not inconsistent with this opinion.