AMERICAN SURETY COMPANY *v.* VANN.

Opinion delivered July 1, 1918.

1. SUBROGATION—SURETY DISCHARGING TRUST OBLIGATION.—Where a guardian, with funds of his wards, purchased an automobile for his personal use, and his surety was compelled to reimburse the wards for the funds so misappropriated, the surety will be subrogated to the wards' right to sue the vendors of the automobile where such vendors at the time of sale knew of such misappropriation.

2. TRIAL—MISTAKE AS TO FORUM—WAIVER.—The mistake of bringing an equitable suit at law is not ground of demurrer, and is met by motion to transfer to equity, and in the absence of a motion to that effect the objection will be deemed waived.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; reversed.

*George W. Dodd,* for appellant.

1. The complaint stated facts sufficient to constitute a cause of action, and it was error to sustain the demurrer. Vann took trust funds with notice of the trust and subject to the trust and is liable. 96 Ark. 573; 89 *Id.* 168; 69 *Id.* 43; 68 *Id.* 71.

2. The Surety Company was entitled to be subrogated to all the rights of Hamilton's wards. 37 Cyc. 434, and par. C; 39 *Id.* 549, 557, 572.

SMITH, J. The appellant is engaged in the business of executing surety bonds, and executed a bond as surety for Alonzo Hamilton, as guardian of certain minors. With the funds of his wards Hamilton purchased an automobile from Vann & Sons for the sum of $750. Upon the final settlement of the guardian's accounts a judgment was rendered against him and his surety for about two thousand dollars. This sum was paid by the surety company, whereupon it sued Vann & Sons for the money misappropriated by the guardian in the purchase of the automobile. The complaint alleged that the automobile was purchased by the guardian for his own personal use and paid for with the funds of his wards, and that these facts were known to Vann & Sons at the time of the sale. A demurrer was sustained to the complaint, and, the surety company electing to stand thereon, the cause of action was dismissed, and this appeal has been duly prosecuted to reverse that action.

This cause is ruled by the opinions in the cases of *Carroll County Bank* v. *Rhodes,* 69 Ark. 43, and *Boone County Bank* v. *Byrum,* 68 Ark. 71. It was held in those cases that a surety who pays a sum of money for his principal is subrogated to the rights of the beneficiary to maintain an action for the money so paid. Those cases are also to the effect that one who receives trust funds from a trustee with knowledge of the fact that the trustee has wrongfully converted these funds to his own use becomes liable therefor to the beneficiary of the trust. Under the allegations of the complaint Vann & Sons became parties to the conversion of these trust funds, and were liable to the minors for the sum so received, who could have maintained an action therefor. The surety upon the bond of their guardian is subrogated to this right, and the court should not have sustained the demurrer.

The judgment of the court below is, therefore, reversed with directions to overrule the demurrer.

If, upon the remand of the cause, the relief prayed is of an equitable nature and that objection is made, it can be met by the transfer of the cause to the chancery court, for, in the case of *Moss* v. *Adams*, 32 Ark. 562, it was held that a mistake as to the kind of action is no ground for sustaining a demurrer to a complaint and dismissing it. In such a case the pleadings should be amended and the cause transferred to the proper docket, and, in the absence of a motion to this effect, the objection will be deemed waived. *Rowe* v. *Allison*, 87 Ark. 211; *Grooms* v. *Bartlett*, 123 Ark. 258; *Ford* v. *Collison*, 128 Ark. 123.