BLANTON *v.* FIRST NATIONAL BANK OF FORREST CITY.

Opinion delivered November 4, 1918.

1. BANKS AND BANKING—DEPOSIT OF TRUST FUNDS—LIABILITY FOR DIVERSION.—Where a bank accepted from a guardian funds which it knew belonged to her wards, and permitted such funds to be placed to the guardian's personal account and expended by her, the bank is liable as trustee to the wards who were entitled to the funds.

2. SAME—BREACH OF TRUST—DEFENSE.—Where a bank placed funds known to belong to certain wards to the personal credit of their guardian, in a suit to hold the bank accountable it may show in defense that the funds so received were used by the guardian for the benefit of the wards, or if misappropriated that they were subsequently accounted for by the guardian.

3. TRUST—ENFORCEMENT—JURISDICTION.—In a suit to hold a bank liable for trust funds of a ward which were placed to the personal credit of the guardian and expended by her, a court of equity is the appropriate forum for adjustment of the rights of the parties.

4.  SAME—ENFORCEMENT—PLEADING.—A complaint which alleged that the cashier of defendant bank accepted for deposit a check payable to plaintiff's guardian, to be credited on such guardian's account as such, that the cashier knew that the money belonged to such account, but contrary to express directions credited same to the guardian's individual account and allowed her to check out the money for her own use, states a cause of action against the bank.

5.  BANKS AND BANKING—LIABILITY FOR TRUST FUNDS.—Where a bank, through its cashier, misappropriated the funds of an infant by placing them to the personal credit of the guardian of such infant, and permitted the guardian to check out the money for her own use, the bank is liable, even if the guardian is solvent and responsible on her bond.

6.  PLEADING—INDEFINITENESS.—Allegations in a complaint which are indefinite should be reached by a motion to make more definite and certain.

7.  CORPORATION—FAILURE OF OFFICERS TO FILE ANNUAL STATEMENT—LIABILITY.—Under Kirby's Dig., § § 848, 859, requiring the president and secretary of a corporation to file with the county clerk a certificate annually showing the affairs of the corporation and imposing liability on such officers "for all debts of such corporation contracted during the period of any such neglect or refusal," a complaint which alleges that defendant bank received money for plaintiff's account and permitted plaintiff's guardian to dispose of same alleges a "debt" within the meaning of the statute.

Appeal from St. Francis Circuit Court; *J. M. Jackson*, Judge; reversed.

*C. W. Norton*, for appellant.

1. The court erred in sustaining the demurrer. The complaint stated a good cause of action. The bank was liable as it converted a trust fund with knowledge of its identity and character. 114 S. W. 322; 38 Atl. 893; Am. Cas. 1914 B. 667; 82 Ark. 519; 12 R. C. L. 1172 *et seq.*

2. Rolfe was liable as president of the bank. Kirby's Dig., § 848; 90 Ark. 51.

*R. J. Williams* and *Mann, Bussey & Mann*, for appellee.

1. There was no liability. No settlement had been made by the guardian in the probate court who alone had jurisdiction. Const. Art. 7, § 84; Kirby's Dig. Ch. 76; 12

R. C. L. 1154. The cases cited for appellant do not support the contention. 37 L. R. A. (N. S.) 409.

2. A ward cannot sue on the bond of a guardian until an ascertainment of the amount due has been found by the probate court and an order to pay over. 112 Ark. 71; 35 *Id.* 93. The probate court has exclusive jurisdiction to determine the liability and a complaint failing to allege such finding is bad on demurrer.

3. Rolfe is not liable unless the bank is.

McCulloch, C. J. The circuit court sustained a demurrer to appellant's complaint and dismissed the action on the ground that the complaint failed to state a cause of action.

It is alleged that on March 24, 1913, appellant was a minor under guardianship in the probate court of St. Francis County, and that her mother, Mary E. Evans, was guardian of herself and also of her infant brother, John C. Blanton; that on that day W. W. Hughes, an attorney of Forrest City, having in his hands the sum of $1,070.67 which he had collected for appellant and her brother, drew a check on the Bank of Eastern Arkansas for said sum payable to the order of Mary E. Evans as such guardian, and delivered said check to Eugene Williams, cashier of the Bank of Forrest City, a corporation, to be placed to the credit of Mary E. Evans as guardian of appellant and her brother, but that said Williams as cashier aforesaid, after receiving the proceeds of the check, wrongfully placed the sum to the credit of the said Mary E. Evans individually, and allowed her to check it out for her personal use. It is further alleged that the said fund belonged equally to the appellant and her said infant brother, and that appellant has never received any portion thereof. It is alleged that the Bank of Forrest City was converted into a national bank and became the First National Bank of Forrest City, in succession to the assets, rights and liabilities of the Bank of Forrest City. There was an amendment to the complaint alleging that E. A. Rolfe was president of the Bank of Forrest

City, but had failed and neglected to file with the county clerk a statement of the affairs of said corporation as required by section 848 of Kirby's Digest. The action is against the First National Bank and Rolfe.

It is conceded that the court sustained the demurrer on the ground that, as a prerequisite to a maintainance of this action, there must have been first an adjustment of appellant's guardianship account in the probate court of St. Francis County, and that the complaint was defective in failing to allege that there had been such adjustment. Counsel for appellees defend the ruling of the court on this ground, but we are of the opinion that the position is untenable. This is not an action on the bond of the guardian, nor is it an action involving in any sense a failure on the part of the guardian to pay over the funds to the ward pursuant to an order of the probate court. Therefore, an adjustment of the accounts in the probate court and an order to pay over is not prerequisite to maintainance of the action. Appellants are not parties to the proceedings in the probate court, and could not be made parties to any adjustment of the guardian's accounts there. If there is any liability at all on the part of appellees through their connection with the bank which received the money for deposit, it is enforceable in an original proceeding without the necessity for the prior adjustment of the accounts in the probate court as a basis for the action.

The Bank of Forrest City received the money, according to the allegations of the complaint as a trust fund for the benefit of appellant and the other ward and participated in the wrongful conversion of the fund to the individual use of the guardian. So the liability of that bank arose not as a surety for the conduct of the guardian but as a trustee for or agent of the wards who were entitled to the funds. The rule seems to be correctly stated in 12 R. C. L. 1172 as follows:

"On the same principle the ward can follow any other property wrongfully disposed of by the guardian into the hands of third parties, if they had knowledge of

such facts as should have put them on inquiry; if, for instance, they had received in payment of a debt of the guardian funds standing in the name of the ward. * * * The pursuing of a claim against the estate of the guardian is not inconsistent with following the assets into the hands of one who received them from the guardian, and the ward will not be compelled to elect between the two modes of redress. It is beyond the power of a guardian or other trustee to bind the estate he represents to any use of its funds by contract with third persons who have knowledge of the character of the property transferred, except in the ordinary and usual course of administration of the trust, and in furtherance of its object. This particularly applies to banks in which funds have been deposited, which by the form of the deposit or otherwise they know to be trust funds, but permit to be transferred to the guardian's personal account or applied to his individual debt.''

If the funds so received were, notwithstanding the conversion to the individual account of the guardian, used by the latter for the benefit of the respective wards, or if the funds so misappropriated were subsequently accounted for by the guardian and reappropriated and held to the use of the wards, that would be a matter of defense which can be shown in this action by the appellees, but the parties are not bound to go first to the probate court for the adjustment of the accounts, inasmuch as all of the defenses can be heard in the present action.

The effort being to hold the bank and its successor responsible as trustee, a court of equity is the appropriate forum for the adjustment of the rights of the parties, the law court not being provided with machinery to adjust such rights and equities. *Hall* v. *Brewer,* 40 Ark. 433.

The complaint alleged that Williams, the cashier, received the check which was payable to the order of the guardian, and that Hughes delivered the check to Williams for credit to the account of Mrs. Evans as guardian for appellant and her infant brother. The complaint further contains a distinct allegation that the cashier knew

that the money belonged to said wards and that contrary to express directions he credited the amount to the individual account of Mrs. Evans and allowed her to check out the money for her own use. This was sufficient to constitute liability of the bank to the true owner of the funds. *American Surety Co. v. Vann,* 135 Ark. 291.

It is not alleged in the complaint that the guardian and the sureties on her bond are insolvent, nor is it essential that there should be such an allegation in order to state a cause of action against appellees for recovery of the funds. If the bank through its cashier misappropriated the funds, a cause of action arose in favor of appellant, even if the guardian is solvent and responsible on her bond, and nothing short of restitution or payment by the guardian constitutes a defense to the action. Appellees cannot escape liability on the ground that the guardian and her sureties are solvent, nor can they postpone the assertion of the remedy until all remedies against the guardian are exhausted. Indeed, if the sureties on the bond of the guardian should first be compelled to make good the shortage, they would be subrogated to appellant's right of action against appellees. *American Surety Co. v. Vann, supra.*

The allegations concerning the relations of appellee First National Bank of Forrest City to the Bank of Forrest City as successor to the assets, rights and liabilities of the latter were sufficient on demurrer. The point that the allegations in that respect are too indefinite should be, if deemed advisable, met by a motion to make more definite and certain.

Appellee Rolfe is liable, under the allegations of the complaint, for failing to file a certificate of the affairs of the Bank of Forrest City. This, under the statute which requires the president and secretary of every corporation to make and file with the county clerk a certificate annually showing the affairs of the corporation on the first day of January next preceding, and imposing liability on the part of those officers "for all debts of such corpora-

tion contracted during the period of any such neglect or refusal." Kirby's Digest, § § 848 and 859.

We have held that debts within the meaning of the statute must be those arising out of contract and not liability for torts. *Taylor* v. *Dexter*, 126 Ark. 122. The complaint in this case, however, states a cause of action against the Bank of Forrest City arising out of its contract in receiving the money for the account of appellant. It is, therefore, a debt within the meaning of the statute.

The judgment of the circuit court is reversed with directions to overrule the demurrer.

HART and SMITH, J.J., dissent.