COSBY *v.* HURST.

Opinion delivered May 30, 1921.

1. ATTORNEY AND CLIENT—LIEN ON EVIDENCE OF DEBT.—At common law an attorney has a lien upon his client's evidence of indebtedness in his hands, but not upon the debt itself, and hence a complaint in equity seeking to fix a lien on the proceeds of the client's insurance policy did not state facts which would confer a lien where it did not allege that the policy or other evidence, if any, was in the possession of the attorney.

2. EQUITY—INADEQUACY OF LEGAL REMEDY.—As the basis of a suit in equity for the sole purpose of recovery of money is the inadequacy of legal remedies, equity has no jurisdiction of a suit by an attorney against his client and an insurance company to recover compensation for his efforts in effecting a settlement of a

claim under an insurance policy on the ground of the client's insolvency; it not appearing that garnishment at law would not afford an adequate remedy.

3.  EQUITY—PLEADING.—Nothing is added to a complaint in equity seeking to enforce an equitable garnishment by the formal statement that plaintiff has no adequate remedy at law; such statement being a mere conclusion.

Appeal from Washington Chancery Court; *B. F. Mc-Mahan,* Chancellor; reversed.

*John Mayes,* for appellant.

1. It was error to refuse to transfer the cause to the law court.

2. It was error in overruling appellant's demurrer. Appellee had no lien as an attorney under our statute. C. & M. Digest, § 6304; 47 Ark. 86; 140 Ark. 558; 109 *Id.* 171; 8 U. S. (Law. Ed.), *Forde* v. *Lawson.*

*W. N. Ivie* and *H. L. Pearson,* for appellee.

Appellee was entitled to a common-law lien and the allegations of insolvency were sufficient to give the chancery court jurisdiction. 6 C. J., p. 784, § 395; 2 A. L. R. 474.

2. Equitable garnishment has always been recognized in courts of equity and the statutes of this State. C. & M. Dig., §§ 4366-7, 4906; 56 Ark. 476. The chancery court had jurisdiction of the subject-matter, and was clearly right in overruling the demurrer and motion to transfer.

McCULLOCH, C. J. Appellee is an attorney at law and a member of the Washington County bar, and he instituted this action against appellant in the chancery court of that county to recover the amount of fees alleged to be due for professional services rendered in connection with a claim of appellant against an insurance company. It is alleged in the complaint that appellant made claim in the sum of $1,000 against the Fayetteville Mutual Benefit Association under a policy issued to appellant's wife, now deceased, that appellant employed appellee to collect the claim from said insur-

ance company, and that appellee "prepared the necessary papers and presented the matter to the Fayetteville Mutual Benefit Association in the usual manner;" that, after such presentation and after investigation made by the said company, the latter notified appellee that the claim would be allowed and would be paid as soon as reached in the regular order of business; that subsequently appellee was notified by the insurance company that payment would be made on June 15, 1919, and that a check was made out by the company payable to appellee as attorney for appellant, but that, after the performance of said services by appellee and before the delivery of the check, appellant employed another attorney to handle the claim for him and notified the said insurance company not to turn over the check or make any payment to appellee. The complaint contains the further allegation that appellant is insolvent, and the prayer of the complaint is that a lien be declared in appellee's favor for the amount of his fee in the sum of $150 on said claim against the insurance company, which said company was made a defendant in the action. Appellant appeared by attorney and demurred to the complaint on the ground that it did not state a cause of action within the jurisdiction of the chancery court and also filed a motion to transfer the cause to the circuit court. The court overruled the demurrer and the motion to transfer, and, the defendant declining to plead further, decree was rendered against him and against the Fayetteville Mutual Benefit Association for the recovery of the sum of $150, which was declared to be a lien on appellant's claim against said insurance company.

It is conceded by counsel for appellee that there is no statutory lien in appellee's favor for the reason that there was no judgment rendered and no action instituted on appellant's claim against the insurance company. Crawford & Moses' Digest, sections 628 and 6304. But it is contended that appellant had a common-law lien, independent of the statute, on the papers in his hands evidencing appellant's claim against the insurance company.

The validity of this sort of claim was recognized by this court in the case of *Gist* v. *Hanley,* 33 Ark. 233. But the difficulty with appellee's contention is that he has not set forth in his complaint a state of facts which would confer a lien, in that he does not allege that the policy or other evidence, if any, of appellant's claim against the insurance company was turned over to him and still remains in his possession. Such a lien at common law was, as we understand, on the evidence of indebtedness in the hands of the attorney, and not on the debt itself. This being true, appellee has not shown in the complaint that he had in his possession any papers on which he was entitled to a lien.

It is next contended by counsel for appellee in support of the decree that the allegations of insolvency were sufficient to confer jurisdiction on the chancery court, and that the insurance company, as appellant's debtor, having been made a party to the suit, appellee is entitled to an equitable garnishment. The mere allegation of insolvency was not, however, sufficient to show that the remedy at law was inadequate, and it does not show a cause of action cognizable in equity. The basis of a suit in equity for the sole purpose of recovery of money is the inadequacy of legal remedies. *Davis* v. *Arkansas Fire Ins. Co.,* 63 Ark. 412; *Euclid Avenue National Bank* v. *Judkins,* 66 Ark. 486; *Horstmann* v. *LaFargue,* 140 Ark. 558; *Henslee* v. *Mobley,* 148 Ark. 181. There are no allegations which set forth grounds for equitable relief. *Newman* v. *Neal,* 147 Ark. 439. Nothing is added to the force of the complaint by the formal statement that appellee had no adequate remedy at law. That was a mere conclusion, and according to the facts alleged there was no reason why a garnishment in an action at law would not have afforded an adequate remedy.

The court erred in refusing to transfer the cause to the circuit court, and for that reason the decree is reversed and the cause is remanded with directions to transfer the cause, unless further grounds are stated for equitable relief.