STATEMENT BY THE COURT.
Appellant instituted this suit in the chancery court against H. F. McFadden and the Exchange Bank Trust Company. Complaint alleges that Mrs. Fannie McFadden (formerly Norvell) was the duly appointed guardian of the person and estate of plaintiff by the probate court of Arkansas County, where she and the plaintiff lived, and came into the possession, as such guardian, of $1,250 of his estate on the 20th day of August, 1923, and on that day wrongfully delivered said money to defendant, H. F. McFadden, and said McFadden wrongfully converted said money to his own use, and has never accounted for same.
The defendant, McFadden, is indebted to the plaintiff in the additional sum of $352 for rents collected by him during the year 1925 from tenants of certain property of the plaintiff's, located in the city of Stuttgart, having collected from the said tenants therein the rent for eight and one-half months at $40 per month. The defendant collected said rents and converted same to his own use, but had delivered or caused to be delivered to plaintiff the sum of $115 and a ring of the value of $60, for which he was entitled to credit on amount of the rents collected. *Page 589 
Plaintiff was entitled to recover from the defendant the sum of $1,602, with interest thereon until paid, less the sum of $194.50. Plaintiff is entitled to recover interest at the rate of 10 per cent. per annum on the said $1,250 from the 20th day of August, 1923, and to recover interest from the day of filing of the suit on the sum of $352 rent collected, less the amount of the credit thereon.
The complaint further alleges that Mrs. Fannie McFadden is the wife of the defendant, H. F. McFadden, and both are nonresidents of the State of Arkansas and are citizens and residents of the State of Texas. Plaintiff has arrived at legal age, and has never received anything in payment of the aforesaid sums, and that defendant is entitled to have deducted $194.50 only from the amount received and converted by him.
It was further alleged that defendant might contend that he had granted or given to plaintiff an interest in certain property in his possession in the State of Texas, which should compensate for the money claimed by plaintiff and sued for, that it had been intimated to plaintiff that defendant desired to adjust or settle the controversy by handling said Texas property in partnership with plaintiff, but that he had not done so, and that he refused to make any adjustment thereof, and denies that the plaintiff was given any interest in said property.
It further alleges that the defendant and garnishee, the Exchange Bank Trust Company, has in its hands, various properties, effects, notes, accounts, assets and money's belonging to the defendant, McFadden, and in which he owns an interest, and said defendant and garnishee, Exchange Bank Trust Company, is indebted to defendant, McFadden; That the said properties, effects, notes, accounts, assets and moneys may be carried in the name of Mrs. Fannie McFadden, and the indebtedness for moneys on deposit may be carried in her name, but the defendant, H. F. McFadden, owns and has an interest in said property; and that, even if Mrs. Fannie Webb McFadden claims an interest in said property, effects, notes, accounts, assets, moneys, debts and deposits, such *Page 590 
interest, if any, is subject to the rights of the plaintiff because of the acts of Mrs. Fannie McFadden, former guardian of plaintiff, in wrongfully delivering the aforesaid $1,250 to H. F. McFadden, and because of their acts in allowing and consenting to the said McFadden receiving the aforesaid rents, and because of her acts in allowing the said H. F. McFadden to convert the said money to his own use, and because of their acts in consenting to such conversion of such trust moneys.
That said moneys or properties may be carried in the name of McFadden Jewelry Company, defendant's trade name. Plaintiff is entitled to writ of garnishment to impound all the aforesaid effects, credits, notes, bills, accounts, choses in action, money or deposits in the hands of defendant and garnishee.
Propounded interrogations to the defendant and garnishee relating to said property alleged to be in its hands, it alleges that the garnishee is a domestic corporation doing a general banking business in the city of Stuttgart, and plaintiff is entitled to an attachment and garnishment for seizure and impounding of all the property in possession of defendant and garnishee, and to have defendant and garnishee answer the allegations and interrogatories, and to subject all the said property and things to the payment and satisfaction of the aforesaid indebtedness and the decree of the court. Prayed judgment against defendant in the sum of $1,250, with interest thereon from the 20th day of August, 1923, until paid, at the rate of 10 per cent. per annum; and the further sum of $157.50, with legal interest from date, and an attachment and garnishment for impounding the property in the possession of the garnishee; that upon final judgment, the attachment a lid garnishment be sustained and all the property of the defendant in the hands of the garnishee be subjected to the satisfaction of the decree entitled, and that any interest MRS. Fannie McFadden claim, any of said property be held and declared subject to the rights of the plaintiff to recover herein. *Page 591 
Affidavit for attachment and garnishment and warning order was made and bond filed and approved, and a writ of attachment and garnishment issued and served.
Defendant garnishee's answer admitted an indebtedness, and that it held certain other properties belonging to defendant, if he had not assigned or transferred them.
Defendant filed a general demurrer to the complaint, alleging it did not state facts sufficient to constitute a cause of action within the jurisdiction of the court nor facts sufficient to constitute a cause of action.
The court held the demurrer to the complaint well taken, saying the complaint herein does not allege facts sufficient to constitute a cause of action and should be dismissed for want of equity, and dismissed same for want of equity, and from the judgment this appeal is prosecuted.
(after stating the facts). The court erred in sustaining the demurrer. The complaint alleged that appellant had come of age, that defendant, McFadden, had received from his legally appointed guardian moneys, $1,250, belonging to him, and wrongfully converted same to his own use; that he had collected rents from tenants of plaintiff's property amounting to $352 and failed or refused to account for or pay over same to him, and that he was entitled to recover said amounts, less a small credit allowed. He was entitled to bring this suit without going first to the probate court for settlement of the accounts of the guardian. Blanton v. First National Bank, 136 Ark. 441, 206 S.W. 745; s.c. 142 Ark. 404,219 S.W. 305; American Assurance Co. v. Vann, 135 Ark. 295,205 S.W. 646.
If the complaint was regarded as too indefinite and uncertain in its allegations, the defect should have been corrected by a motion to make more definite and certain, and not by a demurrer.
The allegations of the complaint relating to the rents collected by the defendant, McFadden, from plaintiff's tenants and not accounted for or paid over to him, constituted, *Page 592 
in any event, an action for moneys had and received, and, if the entire complaint could only be considered as stating a cause of action at law, the error should have been remedied by a motion to transfer to the proper form, and could not be reached by demurrer. Columbia Compress Co. v. Reid, 160 Ark. 436,254 S.W. 825.
It follows that the chancellor erred in sustaining the demurrer and dismissing the complaint for want of equity, and the decree is reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.