HALL v. CALLAWAY.

Opinion delivered February 21, 1910.

MUNICIPAL CORPORATIONS—AUTHORITY OF COUNCIL TO REMOVE SEWER COMMISSIONERS.—A city council has no authority to remove the commissioners of improvement districts for any cause.

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; reversed.

J. E. Callaway sued E. M. Hall, R. A. Stuart and R. H. Greene, commissioners for Sewer Improvement District No. 1 in Arkadelphia, to restrain them from assuming to act as such commissioners.

The evidence showed that the commissioners were appointed in December, 1905. On March 2, 1908, a resolution was adopted by the city council of Arkadelphia removing the above commissioners for neglect of duty, and certain others were thereupon appointed commissioners in their stead. A subsequently elected city council thereafter refused to recognize the latter commissioners as members of the board. Thereupon plaintiff brought this action.

The chancellor held that the act of the city council in removing defendants from office was valid, and enjoined them from assuming to act as a board. Defendants have appealed.

*John H. Crawford,* for appellants.

The city council did not have power to remove the commissioners arbitrarily and without a hearing. 71 Ark. 4, 7; Acts 1909, p. 224; Kirby's Dig. § 5739.

*Callaway & Huie,* for appellee.

The city council had the right to remove the commissioners. Kirby's Dig. § 5670; 71 Ark. 4.

WOOD, J. The only question presented by this appeal is whether or not the city council of the city of Arkadelphia had power to remove the commissioners for Sewer Improvement District No. 1 without giving them an opportunity to be heard upon the facts as stated in their report to the council. The statutes of this State do not confer any power upon the city council to remove commissioners of improvement districts. Section 5670 of Kirby's Digest provides: "If all the places on the (improve-

ment) boards shall become vacant, or those appointed shall, after qualification, refuse or neglect to act, new members shall be appointed by the council, as in the first instance."

The act of March 23, 1909, gives to the city council the right to fill all vacancies on such boards. But there is nothing in these statutes conferring on the city council the power to remove commissioners at all for any cause, and the council in such matters can only exercise such powers as are conferred upon it by the Legislature. *Board of Directors, etc.* v. *Moreland, post* p. 380.

In *Morrilton Waterworks Improvement District* v. *Earl,* 71 Ark. 4, Judge BATTLE, speaking for this court, said: "The statutes do not expressly give the city of Morrilton power to remove them, but, assuming without deciding, that it has the power, we think it is evident that it cannot do so except for cause, and that the power cannot be exercised without notice and hearing, and that the existence of the cause must first be determined, after notice has been given to them of the charges made against them, and they have been given an opportunity to be heard in their defense." The same might be said with reference to the facts here, if the council had the right to remove at all; but, as we have seen, it has not that power. We held also in the case of *Morrilton Waterworks Imp. Dist.* v. *Earl, supra,* that a city council had no express or implied power to abolish an improvement district. There is nothing in this record to warrant a finding that the improvement district has ceased to exist. On the contrary, the pleadings and the evidence show that the improvement district was duly organized, and that it is still in existence.

The finding of the chancellor therefore "that the acts and doings of the said city council in removing said defendants as commissioners of Sewer District No. 1 were valid and effective, and that said defendants thereafter ceased to be the authorized board of commissioners of Sewer Improvement District No. 1, in the city of Arkadelphia," was an erroneous conclusion both of law and fact.

The decree is therefore reversed, and the complaint is dismissed.