TAYLOR *v*. WALLACE.

Opinion delivered March 15, 1920.

1. HIGHWAYS—POWER OF COURT TO REMOVE COMMISSIONERS.—Though the county court was authorized under Alexander Road Law, § 4 (Acts 1917, No. 338), to appoint road commissioners, it has no authority under that statute to remove them.

2. HIGHWAYS—POWERS OF COUNTY COURT.—The general power of supervision by the county court over roads, conferred by the Constitution, invests that court with no power to remove road commissioners.

3. HIGHWAYS—APPEAL FROM ORDER REMOVING COMMISSIONERS.—An appeal from an order of the county court removing commissioners of a road improvement district was properly taken under Kirby's Digest, §§ 1487-1493, instead of under § 40 of the Alexander Road Law.

Appeal from Perry Circuit Court; *Guy Fulk,* Judge; affirmed.

*W. B. Rutherford* and *Owens & Ehrman,* for appellants.

1. The county court acted within its jurisdiction in removing appellees. While the removal was for cause, they could have been removed at pleasure, and no appeal could be from the county court's action.

2. No appeal was in fact perfected from the order removing appellees. The method provided for taking an appeal from an order under the Alexander Road Law, section 40, is exclusive and not cumulative or alternative to section 1487, Kirby's Digest, and the circuit court ob-

tained no jurisdiction to hear the cause and no authority to permit an amendment to the affidavit for appeal.

The affidavit for appeal followed Kirby's Digest, section 1487, and no attempt was made to comply with section 40 of act 338, which is the exclusive method. The Constitution guarantees the right of appeal, but the method is left to the Legislature. 211 S. W. 168; 214 *Id.* 50. Section 40, act 339, Acts 1915, applies to all orders of the county court except orders establishing districts and assessment of benefits. 204 S. W. 840. All orders of the court relative to road districts may be appealed under section 40 of the Alexander Road Law and its provisions must be complied with as to time and method. This case is distinguishable from 204 S. W. 746 and 174 *Id.* 566. See 117 Ark. 292; 174 S. W. 566; 110 Ark. 374; 161 S. W. 1034; 117 Ark. 4. The amendment to the affidavit for appeal should not have been considered. 161 S. W. 1034. It was bound by the original affidavit for appeal and should not have considered the amendment. A jurisdictional error can not be waived nor can it be conferred by agreement or waiver. 161 S. W. 1034; 117 Ark. 4; 18 Mich. 77; 13 Ill. App. 463; 76 Va. 292.

2. The court erred in sustaining the demurrer to the jurisdiction of the county court. There is no provision in our Constitution or statute for the removal of commissioners of road districts. 39 Ark. 211. In the absence of constitutional or statutory limitation where an officer is appointed for no fixed term the power to appoint carries with it the power to remove. 22 R. C. L., p. 562, sec. 266; 39 Ark. 211; 13 Peters (U. S.) 230; 182 U. S. 424; 189 *Id.* 315; 196 *Id.* 174. An officer so appointed may be removed at pleasure. 22 R. C. L. 562, § 267. The county court acted within its jurisdiction in removing appellees and no appeal lies from its action.

*Chas. C. Reid, J. H. Bowen, John L. Hill* and *G. B. Colvin,* for appellees.

1. The circuit court was within the law in permitting the affidavit for appeal to be amended. Kirby's Digest, § 6145; 33 Ark. 406; 47 *Id.* 31; 37 *Id.* 560.

2. The county court is without authority to remove the commissioners under the Alexander Law, as the power is not conferred upon the county court in the statute. 111 S. W. 990; 86 Ark. 555; 94 *Id.* 49; *Earl* v. *Board of Imp.*, 70 Ark. 211. The Constitution having provided no way of effecting the removal of commissioners and our statute being silent, the county court had no jurisdiction to remove.

HUMPHREYS, J. This suit originated in the county court of Perry County, upon petition to remove, for certain alleged causes, the appellees, as road commissioners of Road Improvement District No. 1, Perry County, Arkansas, who had been appointed by the county court in August, 1917, under authority conferred by Act 338 of the General Assembly of 1915, commonly known as the "Alexander Road Law."

Appellees filed a demurrer, challenging the jurisdiction of the court to hear the petition and remove the commissioners, as well as an answer, denying all allegations of the petition.

Upon hearing, appellees were removed, and appellants appointed in their place. From this order an appeal was procured from the circuit clerk of Perry County by complying with section 1487 of Kirby's Digest, the general statute governing appeals, and, under order from the clerk, the proceedings were certified to the circuit court. Thereafter, and before the circuit court convened, appellees filed with the circuit clerk an amended affidavit for appeal, settting forth the special matters appealed from, in compliance with section 40 of Act No. 338 of the Acts of 1915. When the circuit court convened, appellants filed a motion to dismiss appellees' appeal, because the original affidavit was formulated under section 1487 of Kirby's Digest, instead of section 40 of said Act 338.

The court overruled appellants' motion to dismiss, and sustained appellees' demurrer to the jurisdiction of the county court, over the objections and exceptions of appellants, from which orders an appeal has been duly prosecuted to this court.

The main question presented by this appeal for determination is whether the county court had power to remove appellees, as commissioners of Road Improvement District No. 1 of Perry County, Arkansas. They were appointed by the county court under special authority conferred by section 4 of said Act 338. Section 5 of the same act confers power on the county court to fill vacancies caused by the failure of appointees to qualify. The act contains no provision conferring authority on the county court to remove commissioners. Section 10 of said act not only confers power on the county court to appoint assessors for the district, but also to remove them for good reason. Silence as to removal in the one instance and specially conferred power of removal in the other evinces an intention on the part of the Legislature to create permanent boards, so far as possible, to carry out the system of improvement as planned and specified. It is readily seen how the Legislature could have so intended, for a changing, shifting *personnel* in the board might well tend to interrupt, retard and even defeat the purposes contemplated in the organization of the district. This court has held that a city council, empowered by legislative enactment to appoint commissioners of improvement districts in a city, has no implied power to remove the commissioners at will or for cause; that the council could only exercise such powers as the Legislature specially conferred upon it. *Hall* v. *Callaway*, 94 Ark. 49. The power conferred upon the county court to appoint three road commissioners at the time of making the order establishing the road district, pursuant to the terms of the act, is a special, and not a general, power. No such power exists in the county court except by enactment of the General Assembly. The general power of supervision by the county court over roads, conferred by the Constitution,

invests said court with no such power or authority. The delegation of power being special, the extent thereof is limited to the express grant. We think the instant case is ruled by the doctrine announced in the case of *Hall* v. *Callaway, supra.* Under the doctrine announced in that case, the court was correct in sustaining the demurrer to the jurisdiction of the county court.

It is insisted, however, by appellants that the court erred in holding the affidavit of appellees sufficient upon which to base an appeal from a final order entered under, and pursuant to, Act No. 338, Acts 1915. The defect contended for in the affidavit is that it failed to set out in detail the special matters appealed from, as required by section 40 of said Act 338. It is admitted the affidavit meets all the requirements necessary to take an appeal to the circuit court from final orders and judgments of the county court under section 1487 of Kirby's Digest. The argument is made that final orders and judgments rendered by the county court in proceedings relative to road improvement districts organized under said act 338 can not be appealed from without compliance with the sections of that act governing appeals, and that the general statute governing appeals is superseded in such proceedings by the special provisions for appeal in said act No. 338. The exact point involved here was before the court for determination in the case of *Huddleston*·v. *Coffman,* 90 Ark. 219, and the court ruled that section 1487 of Kirby's Digest, regulating appeals from the county court, was not superseded by section 1424 of Kirby's Digest, except in relation to matters enumerated in the latter section. The removal of the commissioners by the county court was an attempted exercise of power not conferred by said Act No. 338, and, therefore, not controlled or governed by the provisions contained in the act relative to appeals from the county to the circuit court. It follows that the time and manner of taking an appeal from an order concerning matters not covered by said act was governed by the general law regulating appeals from the

county court, or, to be more specific, by sections 1487-1493 of Kirby's Digest.

No error appearing, the judgment is affirmed.

HART, J., not participating.