## WILSON v. MATTIX.

### Opinion delivered May 30, 1921.

1. DRAINS—AUTHORITY OF COUNTY COURT TO DISSOLVE DISTRICT.—As the statutes do not authorize the county court to dissolve a drainage district after it has been organized, it can not exercise that authority.

2. COURTS—JURISDICTION OF COUNTY COURT TO RESTRAIN UNLAWFUL ACTS.—The county court has no jurisdiction to relieve property owners by injunction against unlawful acts of the commissioners of a drainage district in attempting to proceed under a void organization.

Appeal from Craighead Circuit Court, Western District; *R. H. Dudley,* Judge; affirmed.

*H. M. Mayes,* for appellants.

The motion to dismiss filed in the county court and circuit court was nothing but a demurrer, and admits that the reported cost of improvement as shown by the preliminary survey is less than $60,000; that the cost as returned by the commissioners approximated $85,000; that the petition alleges and the demurrer admits that the commissioners now undertake to sell bonds in the district in the sum of $130,000, which is excessive and prohibitory.

To obtain an outlet for a drainage system, commissioners may construct ditches, do other work on land beyond the jurisdiction of the county court, or which for other reasons can not be included in the district. In that event they shall have the right to condemn a right-of-way

for such drain or other construction, and the proceedings shall be the same that are now provided by law for the condemnation of the right-of-way for railroads, telegraphs and telephones. Such a ditch or drain beyond the limits of the district shall be the property of the district, and no person, corporation or other drainage district, not assessed, shall have the right to dig any lateral drain connecting therewith without paying compensation, to be fixed by the circuit court. C. & M. Digest, § 3629.

The complaint alleges and the demurrer admits that all of the proceedings of the commissioners should be presented and filed in the county court. A demurrer admits the truth of all the allegations of the complaint. 218 S. W. 381; 141 Ark. 8. The circuit court should have sustained the findings of the county court upon the demurrer filed by appellees, and erred in not so doing.

*Basil Baker* and *Horace Sloan*, for appellees.

1. The order of the county court is void, as it had no jurisdiction. It can not act except as empowered by statute. 115 Ark. 130-9. The grant of jurisdiction to the county court by our Constitution is not self-executing. There must be legislative action. 4 Ark. 473; 28 *Id.* 359. The county court has no jurisdiction to act unless authorized by statute. C. & M. Digest, §§ 3607, 3655, 3637, 3630.

2. Corporations can not be dissolved by courts, except insofar as the Legislature by statute permits. 81 Ark. 391, 402; Fletcher's Cyc. of Corporations, chap. 64. For a parallel case, see 71 Ark. 4.

3. The county court has no jurisdiction to issue injunctions. 84 Ark. 341. Nor can it cancel contracts. 96 Ark. 251, 263. County courts can not exercise jurisdiction *in personam* in plenary proceedings of this nature involving third parties except as to the allowance of claims against the county. The jurisdiction of the county court is wholly *in rem*. 2 Crawford's Digest, "Courts," p. 1275, § 40. The present suit is clearly one *in personam*.

The county court can not appoint committees of tax payers to take over the affairs of drainage districts.

Nonjoinder of necessary or proper parties defendant may be waived by failure to object at the proper time, but the nonjoinder of an indispensable party defendant leaves the court powerless until he is brought in. C. & M. Dig., § 1101.

4. No cause of action was stated. 83 Ark. 344-6. The validity of the assessment of benefits was settled by order of the county court. As to any errors in assessment, the remedy was by appeal. A collateral attack will not now be permitted. C. & M. Dig., § 3165; 138 Ark. 131.

The validity of the assessment of benefits can not be challenged without setting forth the facts rendering the assessment invalid or improper. 139 Ark. 280.

In this case the complaint does not state what the value of the land will be after the construction and completion of the improvement. The validity of the assessment of benefits can only be challenged in the statutory manner as prescribed by C. & M. Dig., § 3165; 125 Ark. 163-7; 139 *Id.* 282.

An error in the estimate cost does not vitiate an assessment of benefits. 213 Pa. St. 123; 62 Atl. 516; 176 N. W. 373. See, also, 137 Ark. 354, 365; 86 *Id.* 46.

McCULLOCH, C. J. This is a proceeding instituted in the county court of Craighead County to dissolve a drainage district which had been previously organized pursuant to the general statute providing for the organization of such districts by an order of the county court. Crawford & Moses' Digest, sections 3607 *et seq.*

Appellants are the owners of real property in the district, and, after the district had been organized and put into operation by the assessment of benefits, issuance of bonds, the letting of a contract for the construction of the improvement and after the work of constructing the improvement had been begun, they filed their petition in the county court praying for an order of the court dissolving the district. They alleged, in substance, that the lands in the district were generally uncultivated and of little value, that the cost of the construction of the

improvement when considered in comparison with the value of the lands was prohibitive, and that the imposition of the tax on the land would be so burdensome as to constitute confiscation of the property, and that the commissioners had increased the cost from the sum of $60,000, as first estimated, to the sum of $130,000, as finally estimated as the actual cost of the construction. It was further alleged in the petition that the commissioners were proceeding with the construction of the drainage ditch without first obtaining an outlet for the discharge of the water. There was also a general allegation that the improvement, as contracted for, is improvident, and will not result in the benefit of the property in the district. There are other allegations not of sufficient importance to mention.

The commissioners of the district appeared by their attorneys as parties for the purpose of resisting the order of dissolution, and on the hearing the county court made an order declaring the district dissolved, and appointed a committee of property owners "to ascertain all claims and charges of any and all persons or firms against said district and to ascertain the financial condition of said district." The order of the court further enjoined the commissioners from proceeding with the construction of the ditch and ordered that the funds on hand to the credit of the district be applied to the payment of current accounts against the district and the remainder tendered to the purchaser of the bonds, and further that, if the committee should find that bonds had been issued and sold and the money received by the commissioners, the sum found to be due "shall be by the clerk of this court extended against said lands on the ditch tax book * * * in proportion as assessments have been made and filed by the commissioners of said district, and the same shall be collected by the collector of Craighead County for the year 1921 and paid out in full liquidation of the proper claims against said district." In other words, the court dissolved the district and made a general order winding up its affairs and provided for payment of its

indebtedness. The commissioners filed an affidavit and bond for appeal, and prosecuted their appeal to the circuit court, and in that court they filed a written motion to dismiss the cause on the ground that the county court had no jurisdiction to adjudicate the dissolution of the district. The circuit court sustained the motion and dismissed the proceedings. The record of that court recites that the cause was heard on the motion of appellees, and the record brought up from the county court. An appeal has been duly prosecuted to this court.

The statute confers no authority upon the county court to dissolve drainage districts. Crawford & Moses' Digest, sections 3607 *et seq.* On the contrary, the statute (section 3609) provides that the order of the county court establishing such a district "shall have all of the force of a judgment," and that if no appeal from said order be taken within twenty days "such judgment shall be deemed conclusive and binding upon all the real property within the bounds of the district, and upon the owners thereof." Another section of the statute (3630) provides that the district shall not cease to exist upon the completion of the system, but shall continue for the purpose of maintaining the ditches and keeping them clear from obstructions, etc. A search of the statute from end to end fails to disclose any provision which, either in express terms or by implication, can be construed to confer authority on the county court to dissolve the district after it has been organized. The county court, in the absence of a statute, can not exercise that authority. *Morrilton Waterworks Imp. Dist.* v. *Earl,* 71 Ark. 4; *Hall* v. *Callaway,* 94 Ark. 49; *Taylor* v. *Wallace,* 143 Ark. 67.

The case last cited is conclusive of the question now under discussion. In that case we held that, inasmuch as the general statue in regard to the organization of road improvement districts (act 338 of the General Assembly of 1915) did not confer authority upon the county court to remove commissioners, the power could not be exercised by that court. In disposing of the question,

we said: "The power conferred upon the county court to appoint three road commissioners at the time of making the order establishing the road district, pursuant to the terms of the act, is a special, and not a general power. No such power exists in the county court except by enactment of the General Assembly.. The general power of supervision by the county court over roads, conferred by the Constitution, invests said court with no such power or authority. The delegation of power being special, the extent thereof is limited to the express grant." Nor does the county court possess jurisdiction to exercise the relief to the property owners by injunction against unlawful acts of the commissioners in attempting to proceed under a void organization. If it be conceded that the petition contains allegations which would justify relief in the proper court, it is certain that the county court has no jurisdiction to grant the relief sought in the prayer of the petition.

Judgment affirmed.