## PAYNE *v.* MALONE.

### Opinion delivered May 19, 1924.

HIGHWAYS—POWER OF COUNTY COURT TO REMOVE COMMISSIONERS.— Crawford & Moses' Dig., § 5405, as amended by Acts 1921, p. 303, providing that the county court may appoint highway commissioners and remove them for cause, has no application to commissioners of a road improvement district organized under special act (Road Acts 1919, p. 1025).

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Edward Gordon,* for appellants.

At the time the district was created by act 245, vol. 1, Road Acts, 1919, p. 1025, there was a general law in force, C. & M. Digest, § 5420, under which the county court had authority to remove assessors of road districts. By the act 245 the commissioners of the district were made the board of assessors. Since the Legislature knew the general law authorized the removal of assessors for any good reason, it must be presumed that it intended that the commissioners of this district should be subject to removal. See 143 Ark., at page 70. It cannot be doubted that the passage of act 228, Acts 1921, p. 303, providing for the removal of commissioners, was brought about by the decision in *Taylor* v. *Wallace,* 143 Ark. 70; and the passage of that act definitely shows that the Legislature intended that the board of commissioners should be removed. To hold that the commissioners could not be removed because the district was created by a special act would be adopting a principle that towns and cities raised to second and first class by special act would not be governed by the general laws controlling such cities.

*Calvin Sellers* and *Strait & Strait,* for appellees.

The general statute has no application to special road districts created by a special act in which, as in this instance, the whole subject-matter of the organization and construction of the contemplated improvement is covered by the special act itself. The amendment to the general road law, act 228, Acts 1921, amending C. & M. Digest, § 5405, applies to districts organized under the general law, and excludes all other road districts not created or operating under that law. *Taylor* v. *Wallace,* 143 Ark. 67, we think, settles every issue raised on this appeal in favor of appellees. The act amending § 5405, C. & M. Digest, is plain and unambiguous. There is no call for judicial interpretation. The court will not extend its provisions by reading into it a meaning not justified by the language employed. 104 Ark. 583; 109 Ark. 556;

71 Ark. 556; 115 Ark. 194; 120.Ark. 288. That the amendment of the general law should be read into and amend the provisions of the special act is refuted in the case of *Roberts* v. *District,* 156 Ark. 248.

McCULLOCH, C. J.   Appellees, Malone, Mitchell and Scroggins, are the commissioners of Road Improvement District No. 2 of Conway County, an improvement district which was organized by special statute enacted by the General Assembly of 1919, Road Acts 1919, p. 1025. The statute creating the district authorized the county court of the county to appoint the commissioners of the district and to fill vacancies by appointment, but there is no provision in the statute for the removal of the commissioners by the county court or by any other tribunal. Appellants are taxpayers in the district, and they commenced this proceeding in the county court of Conway County to cause the removal of the commissioners from office on account of alleged misconduct in attempting, without authority, to change the route of the road through the town of Plumerville. The county court made an order in accordance with the prayer of the petition of appellants, removing appellees as commissioners, but, on appeal to the circuit court the petition of appellants was dismissed on the ground that there was no authority for the county court, or the circuit court on appeal, to remove the commissioners. An appeal has been prosecuted from that judgment of the circuit court.

In the case of *Taylor* v. *Wallace,* 143 Ark. 67, we decided that the county court had no authority to remove commissioners of road improvement districts formed pursuant to the general statute enacted in 1915 (act 338 of the session of 1915), the reason being that the statute authorizing the creation of the district and the appointment of commissioners by the county court contained no authority for the removal of the commissioners. The decision in that case is conclusive of the question that the county court has no right to remove commissioners unless the statute confers that power. After the decision in that case, the General Assembly in 1921 (Acts 1921, p.

303) amended the section of the general statute so as to authorize the county court to remove commissioners for cause, but the authority was limited to the removal of commissioners appointed under that statute. Section 5405, Crawford & Moses' Digest, is the section of the act of 1915, *supra,* relating to the appointment of commissioners, and the amendatory act of 1921, *supra,* amends that section by adding authority for the county court to remove commissioners for cause. The title to the act states that its purpose is to amend Crawford & Moses' Digest, § 5405, and the body of the act reads as follows:

"Section 1. That § 5405 of Crawford & Moses' Digest of the Statutes of Arkansas be amended so as to read as follows:

"Section 5405. Appointment. The county court at the same time shall also appoint three persons, owners of real property in said district and men of business ability, to act as commissioners for said district; and the county court, at all times, shall have the power and authority, when complaint has been lodged with said court against any commissioner, to remove, for good cause, any such commissioner heretofore appointed under the provisions of this act, or any commissioner or commissioners that may hereafter be appointed under the provisions of this act; *provided,* that notice of the complaint shall be served upon such commissioner complained against, and he shall have a right to be heard before any such order shall be entered against him."

It is contended by counsel for appellants that this statute is broad enough in its terms to authorize the county court to remove commissioners of any district, whether formed under the general statutes or not, but we think that counsel is in error, for it is clear from the language used in the new statute that it was intended to be confined in its operation to the removal of commissioners appointed under the general statute. That is the plain language of the statute itself. Aside from the peculiar language of the amendatory statute, accord-

ing to settled principles it became a part of the original statute to which it related as an amendment and "in its relation to the other sections of the act stood with reference to future transactions as though the act had originally been enacted in the amended form." *Mond-schein* v. *State,* 55 Ark. 389. It is clear, therefore, that the act of 1921, *supra,* is confined in its operations to commissioners appointed under general statute and not to those appointed under special statutes.

The circuit court was correct in its decision, and the judgment is affirmed.