CARRIER *v.* BECK, COUNTY JUDGE.

5-807                                      285 S. W. 2d 326

Opinion delivered December 19, 1955.

[Rehearing denied January 23, 1956.]

*Marvin Brooks Norfleet,* for appellant.

*Hale & Fogleman,* for appellee.

GEORGE ROSE SMITH, J. On May 23, 1955, the county court of Crittenden County, without notice or a hearing, entered an order purporting to remove the appellant from office as a commissioner of Road Improvement District No. 7, the court finding that its action was "to

the best interests of the district." The appellant promptly filed a petition in the circuit court for a writ of certiorari to quash the county court order as being void. The circuit court sustained a demurrer to the appellant's petition upon the ground that no cause of action was stated, and the action was dismissed. The sole question is whether the county court, as an incident to its power to appoint the commissioners of the district, has the power to remove them for causes other than those specified in the governing statute.

This district was created by Act 55 of the 1919 Road Acts. Sections 5 and 8 of the statute invested the county court with power to appoint the original commissioners and to fill any vacancies that might occur. There is no fixed term of office for the commissioners, and the only provision for their removal is this sentence in § 8: "The said County Court may remove any commissioner for neglect of duty, incompetency or malfeasance in office, but only after a public trial on written notice served as a summons." The demurrer admits that the statutory procedure for the removal of a commissioner was not followed by the county court. The appellee insists, however, that the power of removal is a necessary incident to the power of appointment and may be exercised, without notice, for any reason other than the grounds specified by the statute.

This argument must be rejected upon the controlling authority of *Taylor* v. *Wallace,* 143 Ark. 67, 219 S. W. 314, and *Payne* v. *Malone,* 164 Ark. 323, 261 S. W. 632. The *Taylor* case arose under the general road law, which authorized the county court to appoint road district commissioners and to fill vacancies. There was, however, no express power in the county court to remove a commissioner. In holding that the power of removal did not exist we said: "The power conferred upon the county court to appoint three road commissioners at the time of making the order establishing the road district, pursuant to the terms of the act, is a special, and not a general, power. No such power exists in the county court except

by enactment of the General Assembly. The general power of supervision by the county court over roads, conferred by the Constitution, invests said court with no such power or authority. The delegation of the power being special, the extent thereof is limited to the express grant.''

Even more directly in point is the *Payne* case, *supra,* which, like this one, arose under a special act creating a road improvement district and conferring authority on the county court to appoint the commissioners and to fill vacancies. The act was silent on the subject of removing the commissioners. A taxpayers' action was instituted in the county court to remove the commissioners for misconduct in office. In adhering to the rule announced in the *Taylor* case the court said: ''The decision in that case is conclusive of the question that the county court has no right to remove commissioners unless the statute confers that power.'' It follows that in the case at bar the county court's power of removal must be exercised in conformity to the statute.

The decisions earnestly urged by the appellee, such as *Shurtleff* v. *United States,* 189 U. S. 311, 23 S. Ct. 535, 47 L. Ed. 828, are not in conflict with our own decisions. The *Shurtleff* case, for example, involved a general power to appoint a subordinate for whose conduct the appointing authority was responsible. In such a situation, as is more fully explained in *Myers* v. *United States,* 272 U. S. 52, 47 S. Ct. 21, 71 L. Ed. 160, and *Humphrey's Executor* v. *United States,* 295 U. S. 602, 55 S. Ct. 869, 79 L. Ed. 1611, the power to remove an incompetent employee is essential if the appointing officer is to be held responsible for the proper discharge of the duties imposed by law upon his department. Consequently, as the court said in the *Shurtleff* case, ''The right of removal would exist if the statute had not contained a word upon the subject.'' But the present case presents a fundamentally different situation. The county court is not responsible for the conduct of road improvement district commissioners. It is reasonable to suppose that the General

Assembly vested the power of appointment in the county court to avoid the inconvenience that would attend the exercise of that power by the various landowners in the district. In these circumstances the court's power of appointment is special, as the *Taylor* case held, and does not carry the power of removal as a logical incident thereto.

Reversed, the demurrer to be overruled.