Kennedy v. Garner.

5-1846                              326 S. W. 2d 810

Opinion delivered May 25, 1959.

[Rehearing denied September 7, 1959]

*Charles L. Carpenter,* for appellant.

*James L. Sloan,* for appellee.

Sam Robinson, Associate Justice. This is a usurpation case. Appellee, Garner, filed this suit, contending that he is the duly elected or appointed marshal of the city of Jacksonville and that appellant, Kennedy, has usurped the office. The trial court held that Garner is entitled to the office and Kennedy has appealed.

First, appellant contends that the trial court made no finding that he is claiming to be marshal. There is substantial evidence to the contrary, and moreover, if appellant is making no claim to the office, he has nothing to lose by the finding that Garner is entitled to the office. It is established that Garner was elected in 1952 and properly appointed in 1955 and 1957. He was serving as marshal in February, 1958, when the mayor attempted to discharge him. In any view of the case, he was at least serving as a holdover at that time. Of course, he would be entitled to continue to serve as marshal until he was properly removed or someone else properly selected. True, on February 15th the mayor attempted to discharge him, but the city council would not approve the mayor's action in that respect, and without the approval of the city council the mayor does not have

the authority to discharge the marshal. Act No. 172 of 1953 of the General Assembly of Arkansas (Ark. Stats. § 19-1103.2) gives the mayor the authority to appoint the marshal with the approval of the city council. But the Act does not give the mayor the power to remove the marshal, nor does he have that inherent power, since he is in no way responsible for the performance of the marshal's duties. *Carrier* v. *Beck*, 225 Ark. 753, 285 S. W. 2d 326.

Appellant contends that Garner abandoned the office of marshal. The mayor attempted to discharge Garner on February 15th and replace him with appellant. On March 4th Garner filed this suit. In these circumstances it cannot be said he abandoned the office.

Affirmed.