CITY OF JACKSONVILLE *v.* WILLIAMS

5-3316                                                                383 S. W. 2d 103

Opinion Delivered October 19, 1964.

[Rehearing denied November 16, 1964.]

520

*Howell, Price & Worsham,* for appellant.

*James L. Sloan,* for appellee.

SAM ROBINSON, Associate Justice. O. Loren Hudson and Ben G. Williams originally filed this suit against the City of Jacksonville contending that some time prior to February 15, 1958, they were employed as deputy marshals for the City of Jacksonville; that on February 15, 1958 they were wrongfully and illegally discharged by the Mayor of the city. Later, Ben G. Williams died, and the suit in his behalf was carried on by the administratrix of his estate. It is alleged that Hudson and Williams were entitled to be paid at the rate of $275.00 per month for the balance of the year 1958, and prayed for a judgment accordingly. The cause was tried in April, 1963; there were judgments in favor of the plaintiffs; the defendant, the City of Jacksonville, has appealed.

Ark. Stat. Ann § 19-1104 (Repl. 1956) provides that the city marshal shall have power to appoint one or more deputies. It is stipulated that one Garner, who was the marshal of Jacksonville, appointed Hudson and Williams for the year 1958, and on February 15, 1958, the Mayor of the City of Jacksonville discharged Garner, the marshal, and the deputy marshals. One Kennedy took over the duties of marshal. Garner filed suit against Kennedy alleging that he had usurped the office of marshal. There was a judgment in the circuit court to the effect that Garner was entitled to the office. Kennedy appealed to this court. We held that without the approval of the City Council the Mayor did not have the authority to discharge the marshal, and that Garner was, therefore, entitled to the office. *Kennedy* v. *Garner,* 230 Ark. 698, 326 S. W. 2d 810.

It is now contended that Hudson and Williams had been appointed for the entire year by Garner, and that the Mayor had no authority to discharge them; that they were entitled to their salaries from the city for that part of the year in which they had no other employment, notwithstanding the fact that subsequent to February 15, 1958 they did no work for the city.

The City Council fixed the deputy marshals' salaries at $275.00 per month, but the Council had the right to withhold the payment of such salaries when the employees did not work, and evidently did withhold such salaries, otherwise no suit would have been filed. The statute provides that the marshal may appoint deputies, and it was held in *Conner* v. *Burnett,* 216 Ark. 559, 226 S. W. 2d 984 that cities are authorized to pay salaries to deputy marshals, but there is no statute requiring the city to pay salaries to deputy marshals, and although there is a city ordinance fixing the salaries of the deputies, the deputies have no cause of action against the city for salaries where they have done no work to earn such salaries. Although the deputies may have been discharged by someone exceeding his authority, the fact is that they did no further work for the city, and in these circumstances they were only entitled to the fees as set out in Ark. Stat. Ann. § 19-1104 (Repl. 1956) which provides that deputy marshals "shall receive the like fees as sheriff and constable in similar cases".

In *State ex rel Rusch* v. *Board of County Commissioners of Yellowstone County,* 191 P. 2d 670, the court said: "... The status of deputies necessitate the holding that such subordinates are not 'public officers' who may receive the compensation prescribed for their services merely by virtue of their appointment without regard to whether they render service in the position or not."

Reversed and dismissed.

McFADDIN & JOHNSON, J.J., dissent.

ED. F. McFADDIN, Associate Justice, (dissenting). I respectfully dissent because I am of the opinion that

the judgments of the Circuit Court in favor of Williams and of Hudson should both be affirmed, largely under the authority of our holding in *Kennedy* v. *Garner*, 230 Ark. 698, 326 S. W. 2d 810. In that case Garner had been chosen as Marshal for the City of Jacksonville for the year 1958. He was serving as such Marshal on February 15, 1958, when the Mayor discharged him and appointed Kennedy in his place. This Court held that Garner was entitled to the office of Marshal because the Mayor had no right to discharge him and that Garner had never abandoned his office. In the appellants' brief in the present case it is stated that Garner received his salary for the balance of the year 1958 because of our holding in *Kennedy* v. *Garner*.

By the same token, I think Garner's two deputies—Williams and Hudson—should recover their full salary for the year 1958, less what they earned in other work. If the Mayor had no right to discharge the Marshal, he certainly had no right to discharge his deputies, whose pay scale of $275.00 per month had been approved by the City Council of Jacksonville.

The agreed statement of facts says:

"I. O. Loren Hudson and Ben G. Williams were duly appointed and qualified as deputy marshals of Jacksonville on January 15, 1958, at which time Jacksonville was a city of the second class, in accordance with Ark. Stats. (1947) § 19-1104.

"II. After January 15, 1958, and until January 2, 1959, at which time the term of office of the appointing marshal, C. S. Garner expired, O. Loren Hudson and Ben G. Williams did not abandon their offices as deputy marshals, nor were they removed from their offices as deputy marshals, except that the following events occurred: (a) On February 15, 1958, the mayor of Jacksonville purported to remove O. Loren Hudson and Ben G. Williams from their positions as deputy marshals . . . (b) At all times relevant hereto after February 15, 1958, the mayor prevented O. Loren Hudson and Ben G. Williams from functioning in their offices as deputy mar-

shals and prevented the payment of any compensation to them as such deputy marshals. ..."

Both Mr. Williams[1] and Mr. Hudson filed the present action for their unpaid salaries for the balance of 1958, and each credited on his claim for unpaid wages the amount he had been able to earn at other employment. The Trial Court found: "Ben G. Williams made a reasonable effort to minimize his damages and did so to the extent of earning $770.00." The Court also found that Mr. Hudson made a reasonable effort to minimize his damages and did so to the extent of earning $600.00. I maintain that these two deputy marshals were duly employed by Marshal Garner, agreeable to the City Council and at an agreed monthly pay scale of $275.00 each; and each was wrongfully discharged (just as was Marshal Garner); and that each is entitled to recover his monthly pay for the balance of the calendar year 1958, less what he was able to earn at some other employment. Therefore, I would affirm the Trial Court.

JOHNSON, J., joins in this dissent.

[1] Mr. Williams died on October 15, 1963.