## SCHIELE *v.* DILLARD.

### Opinion delivered March 21, 1910.

1. PARTIES—SUBSTITUTION.—While the court may in its discretion allow additional parties plaintiff or defendant to be added, it cannot make an entire change of parties, as that would be tantamount to a new suit between different parties. (Page 281.)

2. GARNISHMENT—PARTIES.—Where plaintiff sued the Dillard & Kilgore Company, a corporation, and procured a garnishment to be sued out against a third person, and subsequently sued the Dillard & Kilgore Company, a partnership, but in the latter suit did not procure a garnishment to be issued against the third person, no jurisdiction of the latter was acquired in the suit against the partnership. (Page 281.)

3. 'SAME—WAIVER OF PROCESS.—One who is indebted to the defendant, but is not served with process as garnishee, cannot enter his appearance and waive process against himself as garnishee. (Page 281.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

This case comes to this court upon an appeal taken from a judgment of the Garland Circuit Court, overruling a motion filed by appellant asking the said court to modify an order and judgment which it had previously made distributing a fund which had been paid into the said court by the North State Fire Insurance Company, which had been garnished for money in its hands belonging to A. J. Dillard; said fund having been paid into the said court by order of the court in the case of Klein Bros. *v.* A. J. Dillard.

The facts heard upon the motion show that appellants on the 17th day of April, 1907, filed a suit in the circuit court of Garland County against Dillard & Kilgore Company, and on the same day sued out a writ of garnishment against the North State Fire Insurance Company, of Greensboro, N. C. Summons was issued, and on said 17th day of April, 1907, was served upon A. J. Kilgore, as president of Dillard & Kilgore Company, a corporation. On the same day the writ of garnishment was served on the said garnishee commanding. it to appear and answer what goods, etc., it had belonging to the defendant, the Dillard & Kilgore Company. It was afterwards ascertained that the Dillard & Kilgore Company was in fact a partnership composed of A. J. Dillard and John Kilgore. On the 9th day of August, 1907, appellants sought to amend their complaint by making it run against A. J. Dillard and John Kilgore, as partners doing business under the firm name of Dillard & Kilgore Company. A summons was issued on this so-called amended complaint on the same day it was filed, and was served on the parties named therein, but no writ of garnishment was issued or service had on the North State Fire Insurance Company after the so-called amendment to the complaint was filed.

On the 4th day of September, 1907, garnishee filed its answer, admitting an indebtedness of $1,750 to the defendant, A. J. Dillard. In the meantime on the 20th day of April, 1907,

Klein Brothers filed a suit in the Garland Circuit Court against A. J. Dillard, and Dillard & Kilgore Company, and sued out a writ of garnishment against the North State Fire Insurance Company, and O. H. Sumpter and R. L. Williams, insurance agents, alleging that said garnishees were jointly indebted to the defendant, A. J. Dillard, in the sum of $2,500, and summons was issued upon said complaint upon the 20th day of April, 1907, and was served upon A. J. Dillard, as president of said company.

On the 20th of June, 1907, Dillard filed his separate answer. This gave the court jurisdiction of Dillard. Also on the 24th day of May, 1907, the Standard Distilling Company filed its suit in the common pleas court of Garland County against the Dillard & Kilgore Company and A. J. Dillard, and at the same time sued out a writ of garnishment against the North State Fire Insurance Company, of Greensboro, N. C., summons on which complaint was served on A. J. Dillard as president of Dillard & Kilgore Company, on said date, and which writs of garnishment were served upon R. L. Williams and O. H. Sumpter on the 24th day of May, 1907.

The garnishee, North State Fire Insurance Company, filed its answer to the writ of garnishment of Klein Brothers and the Standard Distilling Company's writ of garnishment on the 4th day of September, 1907, admitting an indebtedness to A. J. Dillard of $1,750.

On the 13th day of February, 1908, Klein Brothers filed an amendment to their complaint, setting up that A. J. Dillard and John Kilgore were partners doing business under the firm name of Dillard & Kilgore Company, and praying for judgment as in their original complaint, and on said day sued out an *alias* writ of garnishment against R. L. Williams and J. H. Reece and North State Fire Insurance Company, jointly, which said writ was on the 13th day of February, 1908, served by delivering a true copy thereof to J. H. Reece, a member of the firm of Williams & Reece. No answer of either of garnishees was ever filed in response to this writ.

On July 24, 1909, the circuit court, on motion of the Standard Distilling Company and Klein Brothers, made an order, distributing funds in the hands of the clerk, as paid in to him by the North State Fire Insurance Company, under judgment

against it in favor of A. J. Dillard and the garnishments in the
several suits, directing the clerk, after paying the costs and at-
torney's fees, to pay the entire balance in his hands to Klein
Brothers and the Standard Distilling Company.

On July 31, 1909, a judgment was rendered against the de-
fendants in said suit of appellants against A. J. Dillard and John
Kilgore, partners doing business as Dillard & Kilgore Company
and the garnishee, North State Fire Insurance Company.

Subsequently Edwin Schiele & Company, appellants here,
filed their motion in said court to consolidate the case of Klein
Brothers, and the case of Dillard against the North State Fire
Insurance Company, and to amend the order of court ordering
the distribution of the funds.

On August 14, 1909, the court overruled said motion, to
which ruling of the court appellant excepted, and prayed an ap-
peal to the Supreme Court, which was granted.

*C. Floyd Huff,* for appellant.

The lien of a garnishment dates from the time the garnish-
ment writ is served upon the garnishee. 39 Ark. 97; 40 Ark.
531; 3 Ark. 509; 6 Ark. 391; 18 Ark. 249. The garnishment
in appellant's case was first served. The amendment to the
complaint, and the answer of the garnishee admitting an indebt-
edness, relate back to the filing of the original complaint. 33
Ark. 251.

*Greaves & Martin* and *Wood & Henderson,* for appellees.

A party will not be permitted to amend his complaint by
substituting entirely new parties as defendants. 3 Estee, Plead-
ing, § 4487; 34 Ark. 144. The amendment in this case could
only have the effect, if any, of starting a suit against the de-
fendants, the partnership, and would date as of the time it was
filed. 1 Enc. Pl. & Pr. 545; 25 Hun (N. Y.) 475; 89 N. Y.
82; 75 N. Y. 303. Unless a court has acquired jurisdiction of
the defendant in the main suit, it cannot take jurisdiction in the
ancillary garnishment proceeding. 9 Enc. Pl. & Pr. 810; 7 Am.
St. Rep. 64; 48 *Id.* 92. The validity of garnishment proceedings
rests entirely upon complying with judicial process and statutory
provisions. 52 W. Va. 450; 6 L. R. A. 178; 18 La. Ann. 476;
Drake on Attachments 451.

WOOD, J., (after stating the facts). The appellants sought by amendment to their complaint to substitute new parties defendant. This could not be done. While the court may in its discretion allow additional parties plaintiff or defendant to be added or struck out, it can not make an entire change of parties plaintiff or defendant. That would be tantamount to a new suit between entirely different parties. *State* v. *Rottaken,* 34 Ark. 144; 3 Estee's Pleading, § 4487.

Appellants' suit therefore against the partnership of Dillard & Kilgore Company must date from the day the so-called amended complaint was filed and the summons issued, towit, August 9, 1907. 1 Ency. Plead. & Pr. 545, and cases cited.

The North State Fire Insurance Company was never summoned as garnishee in this new suit, and no allegations and interrogatories were filed against it after the so-called amendment. Therefore the court did not acquire jurisdiction of the North State Fire Insurance Company as a garnishee in this new suit.

The garnishee must be served with process. In this respect the garnishee is different from the defendant, who can give jurisdiction to the court by entering his personal appearance, even though not served with process. The validity of garnishment proceedings rests entirely upon complying with judicial process and statutory provisions. *Pennsylvania Rd. Co.* v. *Rogers,* 52 W. Va. 450, 62 L. R. A. 178-186; *Schlindler* v. *Smith,* 18 La. Ann. 476.

The court had acquired no jurisdiction of Dillard, the individual, in the original suit brought by appellant against the Dillard & Kilgore Company, the corporation, and hence in that suit it did not acquire jurisdiction of the North State Fire Insurance Company, garnishee, who owed A. J. Dillard, the individual, and not Dillard & Kilgore Company, the corporation.

The appellees acquired jurisdiction of A. J. Dillard, the individual, and of the North State Fire Insurance Company before the appellants acquired such jurisdiction, and the judgment of the court therefore in favor of appellees must take precedence. The fund was impounded under the order of the circuit court directing the garnishee to pay same to the clerk of that court, and it was proper for the appellee, Standard Distilling Company, having a lien prior to that of appellant, to apply to the circuit court for its distributive share of the fund.

There was no error in overruling appellant's motion, and the judgment of the circuit court is therefore affirmed.