BUNCH v. LAUNIUS, CHANCELLOR.

5-259                                   262 S. W. 2d 461

Opinion delivered December 7, 1953.

*Tom Gentry,* for appellant.

*J. Bruce Streett, Rawlings, Sayers, Scurlock & Eidson,* for appellee.

GEORGE ROSE SMITH, J.   This is a petition for a writ of prohibition to prevent the Union Chancery Court from proceeding further with a suit that was brought to enjoin picketing on the part of Local Union 568 of the International Brotherhood of Teamsters.   Upon the matter being presented to the writer during the court's summer recess, the petition was treated as an appeal, and temporary relief was granted.   The cause has now been submitted for consideration by the court as a whole.   The petitioner's contention is that the local union, being an unincorporated association, cannot be sued as an entity, without one or more of its members being joined in a representative capacity.

The plaintiff below is Red Ball Motor Freight, Inc., a corporation operating as a motor carrier in interstate commerce.   In its complaint Red Ball alleges that a large majority of its employees are members of the Union of Transportation Employees, and Red Ball has a contract with that union.   It is further alleged that Local 568 of the Teamsters Union, which does not have a contract with Red Ball, has wrongfully called a strike against Red Ball and is picketing its premises in Union County.   It is also stated that the employees of another carrier, Arkansas Motor Freight Lines, refuse to cross the Teamsters' picket line, with the result that Red Ball cannot interchange freight with Arkansas Motor Freight Lines.

Red Ball pleads that the Teamsters' picketing is unlawful for three reasons: First, the union, by interfering with the interchange of freight between two public utilities, has brought about a discrimination in service that violates the Arkansas monopoly and antitrust laws.   Sec-

ond, the union's demands that certain of its employees be reinstated are contrary to Amendment 34 to the Arkansas constitution. Third, the union has threatened to establish a picket line at the premises of Arkansas Motor Freight Lines, in violation of the secondary boycott pro· visions of the Taft-Hartley Law. 29 U. S. C. A., § 158 (b, 4). The prayer is that the picketing be enjoined and that Red Ball recover $15,000 in damages.

The original defendants were Local 568 (which was sued merely in its association name), Arkansas Motor Freight Lines, and J. B. Ward, who was alleged to be the person actually picketing Red Ball's premises. Upon this complaint the chancellor, after an *ex parte* hearing, issued a temporary injunction forbidding picketing.

Three weeks later the petitioner, who is a member of Local 568 and appears for all its members, filed this petition for prohibition. After the oral arguments of counsel were heard last summer, temporary action was withheld until the objection to the trial court's jurisdiction was first presented to the chancellor. *Monette Rd. Imp. Dist.* v. *Dudley,* 144 Ark. 169, 222 S. W. 59. The chancellor was promptly requested to dissolve the injunction, but the motion was denied. Thereafter, written briefs having been submitted, temporary relief was granted. Ark. Stats. 1947, § 27-2102; *Boyd* v. *Dodge, Chancellor,* 217 Ark. 919, 234 S. W. 2d 204.

It is conceded to be the law in Arkansas that an unincorporated labor union cannot be sued in its society name, in the absence of a statute so providing. *Baskins* v. *United Mine Workers of America,* 150 Ark. 398, 234 S. W. 464; *District No. 21 U. M. W.* v. *Bourland,* 169 Ark. 796, 277 S. W. 546. Counsel for Red Ball contend, however, that the Taft-Hartley Act permits a labor union to be sued as an entity in the state courts when a violation of that statute is charged. We think it clear that this contention is not supported by the language of the Act.

Section 301 (29 U. S. C. A., § 185) provides that in suits for violations of labor contracts a labor union may be sued as an entity "in the courts of the United States,"

but the judgment is enforceable only against the assets of the union and not against those of its members. Section 303 (29 U. S. C. A., § 187) permits anyone injured by certain unfair labor practices (including a secondary boycott) to bring suit "in any district court of the United States subject to the limitations and provisions of [§ 301] without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and . . . recover the damages by him sustained and the cost of the suit." It is argued that when the two sections are read together § 301 allows a union to be sued as an entity in the federal court and § 303 extends that jurisdiction to the state courts.

This argument hinges upon that part of § 303 which makes it "subject to the limitations and provisions" of § 301. We do not think that this clause has the effect of completely embodying the earlier section in the later one. In addition to the fact that the clause in question refers grammatically to suits in the federal courts rather than to suits in the state courts, there are two clear-cut answers to the argument now made. First, to say that § 303 is "subject to" the limitations and provisions of § 301 plainly implies a restriction and not an enlargement. Hence even if the clause makes § 301 applicable to state court litigation it means not that the union is suable as an entity but that the plaintiff is restricted to collecting his judgment from the assets of the union.

Second, there is no reason to think that Congress meant for § 303 to apply to injunction suits in the state courts. It is important to remember that Congress does not permit even the federal courts to issue an injunction in a case like this one. At least since the passage of the Norris-LaGuardia Act (29 U. S. C. A., §§ 101 *et seq.*) the federal courts have been closely circumscribed in granting injunctive relief in labor disputes. See *United Packing House Workers* v. *Wilson & Co.,* 80 F. Supp. 563. Section 303 of the Taft-Hartley Law refers only to actions for damages; it has nothing to do with suits for injunction in either the federal or state courts. Nor will it do to say that equity, having acquired jurisdiction for one

purpose, will retain it for all purposes. That statement begs the question, for the basic issue is whether equity has jurisdiction in the first place. That jurisdiction does not exist under Arkansas law, and the gap is not filled by a federal statute that at most authorizes an action for damages in a court of law.

After the chancellor refused last summer to dissolve the temporary injunction Red Ball amended its complaint by joining several members of Local 568 as representatives of the organization as a whole. Such a representative suit is maintainable in equity and has the effect of bringing all members of the union into court. *Smith* v. *Ark. Motor Freight Lines, Inc.*, 214 Ark. 553, 217 S. W. 2d 249. The amended complaint supplies an effective answer to the request for prohibition, for the chancellor now has jurisdiction over the members of the union. In this respect the case at bar differs from the *Bourland* case, *supra*, since that was in subtance an action in tort, and we concluded that the chancery court not only had no jurisdiction but also could acquire none.

The amended complaint, however, does not meet the petitioner's alternative request that his petition for prohibition be treated as an appeal from the interlocutory injunction. Ark. Stats., § 27-2102; *Boyd* v. *Dodge, supra.* Counsel for Red Ball suggest that this petitioner, not having been a party when the temporary injunction was issued, cannot appeal from that order. We held in the *Bourland* case that members of the unincorporated union were in a position to ask for a writ of prohibition, and the same principle necessarily applies to an appeal. Unless this is true there could be no appeal from this injunctive order, since the union cannot proceed in its society name.

An appeal goes beyond the issue of jurisdiction and tests as well the correctness of the order. That this temporary injunction was erroneously issued is settled by the *Baskins* and *Bourland* cases. Upon the basis of the amended complaint the chancellor may of course reassert his ban against picketing, although he is not shown to

have taken such action as yet. But the error in the original order is not entirely eliminated by the amendment to the complaint. A formal amendment may relate back to the filing of the original pleading, but the rule is otherwise when the new pleading goes to a matter of substance, such as change in the party defendant. *Schiele* v. *Dillard,* 94 Ark. 277, 126 S. W. 835. If Local 568 sustained compensable damage by reason of the injunction against picketing, that cause of action evidently could not be extinguished by a procedural step taken after the right of action had vested.

Reversed.