CARRIER *v.* BECK, COUNTY JUDGE.

5-1100                                        296 S. W. 2d 446

Opinion delivered December 10, 1956.

[Rehearing denied January 7, 1957.]

*Marvin Brooks Norfleet,* for appellant.

*Hale & Fogleman,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a contest in which each party has avidly avoided a hearing on the merits and sought instead to outmaneuver the other in the pleadings. It now appears that appellee has won the final skirmish.

On June 7, 1955, appellant, W. H. Carrier, filed a petition for a writ of *certiorari* to quash an order of the Crittenden County Court purporting to remove him from office as a commissioner of Road Improvement District No. 7. Appellant alleged he was the duly appointed,

qualified and acting commissioner and that the removal order entered by appellee, Milton R. Beck, as county judge was void because it was rendered without notice and without a public hearing. Appellee filed a demurrer to the petition asserting as one of the grounds therefor that it did not state facts sufficient to justify the issuance of the writ. The demurrer was sustained by the circuit court on July 6, 1955 and, upon appellant's refusal to plead further, the petition was ordered dismissed. On appeal to this court we reversed with directions to overrule the demurrer filed by appellee. *Carrier* v. *Beck,* 225 Ark. 753, 285 S. W. 2d 326. Our mandate directed that the cause be "remanded to said Circuit Court with directions to overrule the demurrer and for further proceedings to be therein had according to law, and not inconsistent with the opinion herein delivered."

When appellant filed a motion for judgment on the mandate on remand, appellee filed a motion for time to prepare and file a response to the petition for *certiorari.* Appellant then filed a motion to strike appellee's motion on the ground that any judgment rendered upon such response would be inconsistent with our opinion on the first appeal because, "any defenses which would be attempted to be set up in or by any such response were known or could have been known to respondent before this cause was first tried in this court upon its merits." After a hearing on the motions the circuit court entered an order on the mandate on February 26, 1956, overruling appellee's demurrer to the petition for *certiorari* and granting him 15 days within which to file a response and overruling appellant's motion for judgment conforming to the mandate and motion to strike appellee's motion.

On March 8, 1956, appellee filed a response to the petition for *certiorari* in which he admitted the challenged order was made without notice to appellant and that it did not purport to remove him because of neglect of duty, incompetency or malfeasance, but denied all other allegations of the petition. On May 4, 1956, appellant filed a motion to strike the response on the grounds that (1) any judgment rendered thereon would

be inconsistent with our former opinion, (2) it stated no defense, and (3) the former proceedings and judgment amounted to a decision on the merits and are *res judicata* of all matters asserted in the response. On the same date appellant filed a demurrer to the response on the grounds that it did not state facts sufficient to constitute a defense and that the court was without jurisdiction to determine any issue sought to be presented therein.

After a hearing on May 7, 1956, the trial court overruled appellant's demurrer and motion to strike appellee's response to the petition for *certiorari*. The instant appeal is from a judgment dismissing the petition upon appellant's refusal to plead further and his election to stand upon his motion to strike and demurrer.

For reversal appellant contends the trial court erred in failing to sustain his motion for judgment on the mandate and motion to strike appellee's motion for time to respond, as well as his demurrer and motion to strike appellee's response. It is argued that the judgment on the former appeal amounted to a final adjudication on the merits; that appellee's demurrer to the petition for *certiorari* admitted all allegations of the petition; that the response filed by appellee having admitted that the removal order was made without notice to appellant was thereby rendered void; and that appellee has not, and can never, set up any valid defense to the petition by way of response or otherwise unless he can show that such defense was either not known to him or not available when he filed the demurrer.

In making these contentions we think appellant has misconstrued the office or function of a demurrer and has overlooked a material allegation of the petition for *certiorari* which was denied in the response filed by appellee. In the recent case of *Isgrig* v. *City of Little Rock,* 225 Ark. 297, 280 S. W. 2d 891, this court approved this statement from 41 Am. Jur., Pleadings, Secs. 204 & 207: "A demurrer is the method of raising an objection to the sufficiency in law of a pleading. It may be filed either by the plaintiff or the defendant to test the other's

pleadings for defects therein apparent on the face of such pleadings. * * * A demurrer does not raise any question of fact or a mixed question of law and fact, but questions of law only; and it is erroneous for the Court, in passing on the demurrer, to determine a disputed question of fact."

As Judge Robins pointed out in *Jones* v. *The National Bank of Commerce,* 207 Ark. 613, 182 S. W. 2d 377: "While it is said that, for the purpose of testing the legal sufficiency of a pleading, a demurrer admits the allegations of the pleading, it has never been held that by filing a demurrer to a pleading a party is thereby precluded from ever disputing the allegations of the pleading to which the demurrer was filed. 'The admissions by demurrer are only for the purpose of passing upon the sufficiency in law of the pleading demurred to, and they are not evidence, nor an absolute admission dispensing with proof upon the trial on the merits." 49 C. J. 442."

One who relies on a demurrer is, of course, held to admit the facts stated in the pleading demurred to when he elects to stand on the demurrer and refuses to plead further after it is overruled. *Krickerberg* v. *Hoff,* 201 Ark. 63, 143 S. W. 2d 560. "Where, however, the party whose demurrer is overruled pleads over, as for example, where the defendant who has demurred to the plaintiff's pleading files an answer denying the allegations of the declaration, petition, or complaint, the decision on demurrer is not conclusive of the plaintiff's right to relief, for where the demurrer is overruled the implied admission has served its purpose; the demurrer does not admit the facts for purposes of evidence in the case." 41 Am. Jur., Pleadings, Sec. 254.

A hearing is contemplated on a petition for *certiorari* under our statute (Ark. Stats., Secs. 22-302 and 22-303) and the right of a respondent to demur to the petition has been recognized. *Warren* v. *McRae,* 165 Ark. 436, 264 S. W. 940. Upon the overruling of a demurrer, the demurring party may answer or reply under Ark. Stats., Sec. 27-1118.

In support of his contentions appellant cites many cases in which a party refuses to plead over and elects to stand upon his pleading after a demurrer thereto has been overruled and the resulting judgment is held to be final and conclusive. But appellee did not elect to stand on his demurrer to the petition for *certiorari* after it was overruled. On the contrary he elected to file a response in which he admitted certain allegations and denied others. Among those denied was the allegation that appellant was, and at all times mentioned in the petition had been, the duly appointed, qualified and acting commissioner of Road Improvement District No. 7 of Crittenden County. Appellant claimed the right to office under Act 55 of the 1919 Road Acts which specified certain prerequisites before one could qualify as a commissioner. Appellee's denial constituted a valid defense and cast the burden on appellant to prove the allegation in order to prevail in the case. Instead he refused to proceed or plead further and elected to stand on his demurrer and motion to strike the response after they were overruled. By such action he admitted the truth of appellee's denial that he was a duly appointed, qualified and acting commissioner of the district. This is the effect of the decision in *Smith, Adm.,* v. *Clark,* 219 Ark. 751, 244 S. W. 2d 776, where we held that a denial in an answer is not subject to demurrer when it presents an issue on material allegations.

The judgment is affirmed.