CAMPBELL *v.* COLDSTREAM FISHERIES, INC.

5-1811                                                            322 S. W. 2d 79

Opinion delivered March 23, 1959.

Max Robinson and Kirsh, Cathey & Brown, for appellant.

Herbert H. McAdams, for appellee.

SAM ROBINSON, Associate Justice. This case was filed in circuit court. On motion of defendants, appellees, it was transferred to chancery, and the motion of plaintiff, appellant (Campbell) to transfer back to circuit court was overruled. In chancery court there was a decree for the plaintiff, but the amount awarded was much smaller than the amount plaintiff claims he should have.

On appeal there are two points: (1) The question of jurisdiction of the chancery court; and (2) the amount awarded appellant. Appellees have cross-appealed, contending that the court erred in allowing appellant to recover any sum. We reach only the jurisdictional question.

The complaint alleges that under the terms of a contract of employment plaintiff had earned wages in the sum of $18,875; that $10,116 had been paid on the amount earned, and there was a balance due of $8,759, and there was a prayer for judgment in that amount. Nothing is alleged in the complaint giving a court of equity jurisdiction. In the motion to transfer to equity the defendants allege that plaintiff had first filed a suit in chancery court in which the same subject matter was involved, and that the complaint in that case contained allegations giving equity jurisdiction. It is true that there were allegations in the complaint filed in chancery court which gave that court jurisdiction, but a voluntary nonsuit was taken in that case. Later, when the action was commenced in circuit court the complaint contained no allegations giving chancery court jurisdiction, and in the answer filed by appellee after the cause was transferred to chancery, there is no allegation giving chancery court jurisdiction. This is simply a suit on an alleged debt arising out of an alleged contract. The

answer is a general denial and a specific denial of the contract as alleged in the complaint. There is a plea of payment of any debt that defendant might have owed to the plaintiff, and in addition there is a plea of the statute of limitations and the Statute of Frauds. But there is nothing alleged giving rise to equitable principles that would give chancery court jurisdiction.

Before chancery court can assume jurisdiction, in an alleged cause of action such as we have here, there must be something in the pleadings giving that court jurisdiction. *Duncan* v. *Baxter*, 222 Ark. 955, 264 S. W. 2d 395. The fact that there were allegations in the case previously filed in chancery giving that court jurisdiction, in which case a nonsuit was taken, is of no consequence. When a nonsuit is taken, the procedure which was adopted in that action has no bearing on a subsequent action. Ark. Stat. § 37-222 authorizes the dismissal of an action without prejudice to the right to bring another action for the same cause. *Turrentine* v. *St. Louis S. W. Ry.*, 96 Ark. 181, 131 S. W. 337. Of course, a dismissal would not be without prejudice if the same procedure adopted in the first action had to be used in the second suit.

In view of the fact that the cause is being decided here on the issue of jurisdiction, we do not reach the question of damages.

Reversed, with directions to transfer to circuit court.