PEPSI-COLA BOTTLING COMPANY AND ERNEST BOWDEN, v. BOBBY STEEL, JUDGE

4669                                                   431 S.W. 2d 854

Opinion Delivered September 30, 1968

*Harper, Young, Durden & Smith* for petitioner.

*Donald Poe* for respondent.

CONLEY BYRD, Justice. Petitioners Pepsi-Cola Bottling Company and Ernest Bowden seek a writ to prohibit respondent, Bobby Steel, Circuit Judge of Scott County, from proceeding in a cause which had been dismissed at a prior term of court.

The record shows that a complaint was filed by Mrs. Scott Jones, Administratrix of the Estate of David Barrow, deceased on September 12, 1967, for damages arising out of an automobile collision in Scott County. October 2, 1967, Pepsi-Cola filed a motion to quash service and Bowden filed a motion to make more definite and certain. After a hearing on the motions on October 13, 1967, Bowden filed on October 16, 1967, a motion to dismiss on the alleged ground that Mrs.

Jones had not been properly appointed as Administratrix. Mrs. Jones amended her complaint on the 18th day of October, caused summons to be issued and obtained service on the same date.

Under date of October 23, 1967, there was filed an order which states:

"On this 20th day of October, 1967, is presented to the Court the motion of the defendant to dismiss the complaint filed by the plaintiff herein, and from said motion and other matters and proof before Court, the Court finds:

That the defendants' motion should be, and the same is hereby, sustained, and this cause is dismissed without prejudice, at the cost of the plaintiff."

The May term of the Scott County Circuit Court, at which the October 20th order was entered, expired with the beginning of the November term on Monday, November 6, 1967. On November 9th, petitioners filed their complaint for damages arising out of the same collision in the Circuit Court of Sebastian County.

In setting aside the order of October 20th after the expiration of the term, the court, April 20, 1968, found that the order dated the 20th day of October, 1967, and filed October 23, 1967, dismissing without prejudice the plaintiff's complaint was signed at the instance of the petitioners at Nashville, Arkansas, without the court being informed that on the 18th day of October an amendment to the Scott County complaint had been filed.

Petitioner for the issuance of the writ contends that the April 20th order was after term time, Mrs. Jones did not file a verified complaint to set aside the October 20th order as required by Ark. Stat. Ann. § 29-508 (Repl. 1962), and that the Scott Circuit Court had no jurisdic-

tion in the matter after expiration of term. We hold petitioners' contentions to be without merit. Ark. Stat. Ann. § 29-107 (Repl. 1962). We held in *Howell* v. *Van Houton*, 227 Ark. 84, 296, S.W. 2d 428 (1956), that an order entered without notice and at a time when the court was not in session was void and that the party seeking to set aside the same was not required to follow the statutory procedure for vacating or modifying a judgment.

Petition denied.

GEORGE ROSE SMITH & FOGLEMAN, JJ., concur.

JOHN A. FOGLEMAN, Justice. I concur in the result but do not agree with the reasons stated therefor in the majority opinion. Neither do I agree with the applicability of the authority cited therein. It seems to me that the statute governing actions of the court after the expiration of the term is applicable here and that there is a possibility that a showing might have been made to support the action of the trial court in setting aside its earlier order.

I still would deny the writ. The original complaint was deficient in that the plaintiff had not been appointed administratrix, even though she was the next of kin of the decedent. The defendant was improperly named as Pepsi-Cola Bottling Company, apparently a non-existent entity. Before the order of October 20th dismissing the cause without prejudice, the plaintiff had been appointed administratrix and alleged that the proper defendant was Southwest Pepsi Bottlers, Inc., d/b/a Pepsi-Cola Bottling Company of Fort Smith. She asked that her complaint be amended with respect to the parties and by addition of an allegation as to the value of an automobile before and after the automobile collision which was the subject of the action. She prayed that the defendant as named in the amendment be made a party and that summons be issued for it. Summons was issued out of the Scott Circuit Court and directed

to the Sheriff of Sebastian County who returned the same, showing service on Southwest Pepsi Bottling Company and Ernest Bowden on October 18, 1967. These are the defendants in the Scott County action and the petitioners here.

The order of dismissal in this case was granted upon the motion of the defendants originally named. These motions were filed on the 2nd day of October and the 16th day of October. No motion was filed by either defendant on or after the 18th day of October. The order of dismissal entered on the 20th, on the motion of defendants, could not have had any effect on the amendment to the complaint on which process was duly served. While a formal amendment may relate back to the filing of the original pleading, the rule is otherwise when the new pleading goes to a matter of substance, such as a change in the party-defendant. The filing of the amendment formed a new point for the commencement of the suit against the defendant in its correct name and status. *Bunch* v. *Launius, Chancellor,* 222 Ark. 760, 262 S.W. 2d 461; *Schiele* v. *Dillard,* 94 Ark. 277, 126 S.W. 835; *Lewelling* v. *M.W.W. Underwriters,* 140 Ark. 124, 132, 215 S.W. 258.

The petitioners filed suit in Sebastian County on the 9th day of November, 1967, and service of process had thereon subsequent to that date. The action in Scott County was pending and the date of its commencement was October 18th. Consequently, the Scott County court would have jurisdiction.

I am authorized to state that GEORGE ROSE SMITH, J., joins in this concurrence.