H. Gordon GREGSON et ux *v.* GREAT AMERICAN INS. CO.

5238                                   453 S. W. 2d 28

Opinion delivered May 4, 1970

*Gannaway, Darrow & Hanshaw,* for appellants.

*John M. Lofton, Jr.,* for appellee.

Frank Holt, Justice. The issue in this case is whether, under the various pleadings, the appellants can sustain a direct action against the appellee. On April 20, 1968, H. Gordon Gregson entered the Rebsamen Park Golf Course Clubhouse in Little Rock, paid his green fee and, as he was turning away to leave, lost his footing, fell and sustained serious back and spinal injuries. On January 17, 1969, he and his wife, appellants herein, in the belief that the City of Little Rock had no liability insurance, filed suit against the city and its architect, neither of whom is a party to this

appeal, alleging that the injuries received by Gregson proximately resulted from the negligence of the architect and the negligence of the city which was operating the golf course in a proprietary capacity as a profit making enterprise.

The City of Little Rock filed a demurrer to this complaint which raised the issue of municipal immunity. The trial court overruled the city's demurrer, upholding the appellants' contention that the city was subject to suit in tort according to the allegations of the appellants' complaint. Shortly thereafter, the city filed its answer wherein it admitted maintaining and operating the Rebsamen Park Golf Course, but specifically denied that such activity was of a proprietary nature. Subsequent to this answer the appellants propounded interrogatories. It was discovered that liability insurance, apparently affording coverage to the city, had in fact been provided by appellee. Appellants thereupon filed an amended complaint adding appellee as a party defendant and prayed judgment against the City of Little Rock and its architect jointly and severally or, in the alternative, against the Great American Insurance Company pursuant to Ark. Stat. Ann. § 66-3240 (Repl. 1966).

Appellee filed a motion to dismiss the amended complaint contending that, since § 66-3240 did not permit a direct suit against an insurance carrier where its insured municipality is subject to suit in tort, the overruling of the city's demurrer effectively precluded appellee from being named a party defendant. Prior to any hearing on this motion, appellants took a voluntary nonsuit without prejudice as to the city and the next day filed an amended and substituted complaint against appellee and the architect which alleged various acts of negligence against the city and the architect, but which did not assert that the city was acting in its proprietary capacity. Appellee filed a motion to dismiss the amended and substituted complaint based on the same grounds as its original motion to dismiss. Appellants responded to this second motion denying "that

there has been any ruling by this Court in this cause of action that the City of Little Rock is subject to suit for tort." After a hearing, the trial court found that:

"* * * it has heretofore been ruled upon the hearing of the Demurrer of the City of Little Rock to the original complaint that the City of Little Rock was subject to suit in tort under the allegations of the complaint filed by the plaintiffs; that having found that the City of Little Rock was subject to suit in tort, the Court doth find that a direct action cannot be maintained against the Great American Insurance Company."

Appellants assert four interrelated points for reversal. We group them for discussion: (1) The overruling of the city's demurrer did not conclude the question of the city's liability for tort so as to preclude suit against appellee; and (2) since appellants voluntarily nonsuited themselves as to the city and *thereafter* filed an amended and substituted complaint against appellee,· the allegations in appellants' first complaint are not binding on them with respect to appellee.

I

A demurrer admits the facts set out in a complaint to be true solely for testing the sufficiency of those facts, as a matter of law, to state a cause of action. The admissions of the alleged facts are asserted exclusively for the purpose of a ruling; and this ruling decides no questions of law and fact, but only determines the sufficiency of the pleadings as a matter of law. See *Carrier* v. *Beck*, 227 Ark. 92, 296 S. W. 2d 446 (1956). In the instant case, then, all that could conclusively be ruled upon is whether the city, acting in a proprietary capacity, is subject to suit for tort. The demurrer being overruled, the issue as to whether or not the city was actually operating the clubhouse in a proprietary capacity is properly a question of fact susceptible to determination only at trial. In the city's subsequent answer, as noted earlier, it specifically de-

nied acting in a proprietary capacity. Consequently, the issue of the city's liability for tort, being a factual question, could only be determined after evidentiary proof was adduced.

## II

Appellants direct our attention to *Campbell v. Coldstream Fisheries, Inc.,* 230 Ark. 284, 322 S. W. 2d 79 (1959), where we held that "[w]hen a nonsuit is taken, the procedure which was adopted in that action has no bearing on a subsequent action." There, the plaintiff, in his first complaint, alleged, *inter alia,* grounds which conferred jurisdiction on a court of equity. Subsequently, the plaintiff dismissed this suit and refiled it in the circuit court, avoiding any allegations which would bestow jurisdiction on equity. On appeal we held that, since there had been a change in the allegations as to jurisdiction, the first complaint was not binding upon the plaintiff. In the instant case, however, the appellee argues that "the appellant has not filed a new cause of action but has simply substituted the appellee in place of the City of Little Rock." In reply the appellants bolster their position by citing *Bunch v. Launius, Chancellor,* 222 Ark. 760, 262 S. W. 2d 461 (1953), wherein it is stated:

"* * * A formal amendment may relate back to the filing of the original pleading, but the rule is otherwise when the new pleading goes to a matter of substance, such as change in the party defendant."

In *Campbell v. Coldstream Fisheries, Inc., supra,* the plaintiff filed a new action, but for the same cause; the "cause of action," therefore, remained the same, as is true in the case at bar. The present complaint is one of substitution of the appellee for the city as a party defendant. It thereby "goes to a matter of substance" as specified in *Bunch v. Launius, Chancellor, supra.* It is also significant to note that the city answered the original complaint by specifically denying that it was acting in a proprietary capacity prior to the time that

appellee was joined as party defendant. In the case at bar, any action taken before the appellee became a substituted party was certainly not binding upon appellants with respect to appellee.

Reversed.