## H. Gordon GREGSON v. GREAT AMERICAN INSURANCE CO.

5-5551                                              467 S. W. 2d 173

Opinion delivered May 24, 1971

*Gannaway, Darrow & Hanshaw*, for appellant.

*John M. Lofton Jr.*, for appellee.

Conley Byrd, Justice. Appellant H. Gordon Gregson brought suit pursuant to Ark. Stat. Ann. § 66-3240 (Repl.

1966) directly against appellee Great American Ins. Co. to recover damages for bodily injuries sustained on April 20, 1968, when he slipped and fell in a completed portion of the Rebsamen Park Golf Club House owned by the City of Little Rock. After our mandate in the previous appeal, *Gregson* v. *Great American Ins. Co.*, (May 4, 1970), 453 S. W. 2d 28, the trial court sustained appellee's motion to dismiss appellant's complaint as to it because its policy did not cover any bodily injury arising out of the operation of the premises when the portion of the work out of which the injury arose had been put to its intended use.

The policy here issued, number 1-25-36-02, is entitled "GENERAL-AUTOMOBILE LIABILITY POLICY". Under item No. 1, the NAMED INSURED is designated as "City of Little Rock, Ark. and Horace A. Piazza, Architect, 1515 Building, Little Rock, Ark." The policy period is from 8/24/67 to 8/24/68. Under item No. 3 on insurance afforded, the blocks on the form are not checked but typed in on the form is the notation "See Endorsement 6153b attached."

Endorsement 6153b is entitled "OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE COVERAGE FOR DESIGNATED PREMISES AND RELATED OPERATIONS IN PROGRESS INCLUDING STRUCTURAL ALTERATIONS, NEW CONSTRUCTION AND DEMOLITION." In the blank portion of the form entitled "Premises-Operations" appears the typed notation: "Coverage operations: Construction of Club House and remodeling at Rebsamen Park in accordance with the plans and specifications of Horace A. Piazza, Architect." Under "Coverage" form 6153b provides:

> "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of. . . bodily injury. . . to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto. . . ."

Under "Exclusions" the endorsement provides:

"This insurance does not apply: (a) . . . (m) to bodily injury . . . included within the COMPLETED OPERATIONS HAZARD. . . ."

The policy, as distinguished from the endorsement, provides under the heading "Definitions" as follows:

"When used in this policy . . . "COMPLETED OPERATIONS HAZARD" includes bodily injury . . . arising out of operations. . . , but only if the bodily injury . . . occurs after such operations have been completed . . . and occurs away from premises owned by . . . the NAMED INSURED. . . . Operations shall be deemed completed at the earliest of the following times:

. . .

"(3) When the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project."

To sustain the dismissal by the trial court, Great American only relies upon the exclusion that: "This insurance does not apply (a) . . . (m) to bodily injury . . . included within the COMPLETED OPERATIONS HAZARD. . .."" It then points out that under the definition of "COMPLETED OPERATIONS HAZARD" an operation is deemed to be completed when the portion of the work out of which the injury arises has been put to its intended use.

We disagree with Great American's argument because, as we understand the Exclusion, the "Owners', Landlords' and Tenants' Liability Coverage" applies unless the injury is one that is included in the definition "Completed Operations Hazard". The injury here admittedly occurred upon the policy-designated premises

owned by the City of Little Rock, the NAMED IN-SURED. As we read the definition of "Completed Operations Hazard", it is required that the injury must occur away from the premises of the City of Little Rock, as well as occur after the operations have been completed. As thus read the definition provides: "Completed Operations Hazard includes bodily injury . . . arising out of operations . . . but only if the bodily injury . . . (1) occurs after such operations have been completed . . . and (2) occurs away from premises owned by the City of Little Rock (the named insured)."

Since the injury here admittedly occurred upon premises owned by the named insured, it follows that the trial court improperly ruled that the coverage provided under the "Owners', Landlords' and Tenants' Liability Insurance Coverage" was excluded.

Reversed and remanded.